[S. F. No. 21242.   In Bank.   May 14, 1963.]

ASSOCIATED FREIGHT LINES et al., Petitioners, v.
    PUBLIC UTILITIES COMMISSION, Respondent; EN-
    CINAL TERMINALS, Real Party in Interest.

Alan Short and Graham, James & Rolph for Petitioners.

Roderick B. Cassidy, Mary Moran Pajalich and Bernard F.
Cummins for Respondent.

584

Edward D. Ransom and Lillick, Geary, Wheat, Adams & Charles for Real Party in Interest.

TRAYNOR, J.—Encinal Terminals applied to the Public Utilities Commission for a certificate of public convenience and necessity that would extend its operating authority as a highway common carrier. After a hearing the commission granted the certificate. Competing carriers who protested in that proceeding were denied a rehearing, and upon their petition we issued a writ of review.

The commission's decision contains a summary of the evidence, and the following findings:

"The Commission finds that public convenience and necessity require the granting of the authority sought, subject to the conditions in the following order, and that applicant possesses the experience and equipment to maintain the operations to be authorized and the financial ability to support the proposed service. We further find that there is a substantial unity of ownership of California Packing Corporation, Alaska Packers Association and the applicants herein."

Petitioners contend that these findings do not fulfill the requirements of section 1705 of the Public Utilities Code and that therefore the commission did not regularly pursue its authority. Encinal Terminals contends that the findings are adequate.

In *California Motor Transport Co.* v. *Public Utilities Commission, ante,* pp. 270, 275 [28 Cal.Rptr. 868, 379 P.2d 324], we held that section 1705 requires the commission to state separately findings and conclusions on the material issues of fact and law that determine the ultimate issue of public convenience and necessity. The findings here do not comply with that holding. The commission did state findings on the issue of Encinal Terminals' ability to provide the proposed service and on the issue of unity of ownership. The commission concedes, however, that those were not the only material issues. Moreover, it is clear from the commission's summary of the evidence that there were other material issues. Both Encinal Terminals and the petitioners presented substantial evidence on the adequacy of existing service. There was also substantial evidence relating to the effect of certification on competing carriers. The commission's findings on these issues are apparently subsumed by the ultimate finding

of public convenience and necessity. They were not separately stated as required by section 1705.

Since the commission did not regularly pursue its authority, its order must be annulled. (Pub. Util. Code, §§ 1757 1758.) It does not follow, however, that all the proceedings that led to the order must be repeated. It is within the discretion of the commission to make a decision containing findings as required by section 1705 on the basis of the proceedings already taken and to base a new order thereon.

The order is annulled.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.