[Civ. No. 22388.   First Dist., Div. Three.   Dec. 20, 1965.]

MILTON H. LEES et al., Plaintiffs and Appellants, v. BAY AREA AIR POLLUTION CONTROL DISTRICT et al., Defendants and Respondents.

Matthew M. Fishgold for Plaintiffs and Appellants.

Matthew S. Walker for Defendants and Respondents.

SALSMAN, J.—This is an appeal from a judgment denying a petition for a writ of mandate. Appellants sought to have the superior court declare Regulation 2 of respondent Bay Area Air Pollution Control District (hereafter referred to as the District) unconstitutional or to direct the District to grant them a variance from the regulation.

Appellants first contend that procedural errors, committed at trial and in proceedings before the District's hearing board, require reversal of the judgment, and second that Regulation 2 of the District is unconstitutional because it confiscates their property without just compensation and also creates an unreasonable and arbitrary classification. We do find some procedural errors in the record, but they are trivial and inconsequential in nature, and wholly insufficient to upset the judgment. There is no merit in appellants' major contention concerning the constitutionality of the District's regulation, and we therefore affirm the judgment.

The District is organized pursuant to legislation enacted in 1955 and found in Health and Safety Code Division XX,

chapter 2.5. The District board is authorized to adopt rules and regulations to control the release of air contaminants in order to alleviate air pollution. Pursuant to this authority the District adopted Regulation 2, which regulation imposes limitations upon the emission of dense smoke from a number of sources, including incinerators. The regulation is applicable to apartment house incinerators, but specifically exempts those used in one and two-family dwellings.

Each of the appellants owns an apartment house housing more than two families. Each apartment house is equipped with an incinerator for the disposal of rubbish and garbage. Application of the District's Regulation 2 would in effect prohibit the use of their incinerators, unless extensively modified.

Appellants petitioned the District for a variance pursuant to Health and Safety Code Division XX, chapter 2.5, article 12, contending that Regulation 2, as applied to them was unconstitutional. After a full hearing, a variance was denied. Appellants then sought mandate from the superior court.

We first consider appellants' contention that procedural errors before both the District hearing board and the trial court compel reversal of the judgment. Appellants contend that the hearing board of the District, in denying the application for a variance, failed to make findings of fact. We think the hearing board was not required to make findings. The proceedings before the board were not initiated by the District for the purpose of investigating appellants' compliance with the District's regulations. In such a proceeding, if appellants had been found in violation of any District regulation, doubtless findings of fact and conclusions of law would have been necessary to the validity of the District's decision. (Health & Saf. Code, § 24368.) But here appellants were applicants for a variance from the regulation, and the District denied their application. If the hearing board had found merit in appellants' application it could have prescribed other requirements and permitted a variance under Health and Safety Code section 24365.5, and upon granting such a variance, findings would have been appropriate. However, upon denial, findings are not indispensable. This is because findings made upon denial of a request for a variance would be purely negative findings, and negative findings are not required. (See *Southern Cal. etc. Lines* v. *Public Utilities Com.*, 35 Cal.2d 586, 592 [220 P.2d 393]; 2 Witkin, Cal.

Procedure (1954) Trial, § 119, p. 1851, and cases cited.) In *Pry Corp. of America* v. *Leach,* 177 Cal.App.2d 632, 637 [2 Cal.Rptr. 425], the court, recognizing this rule, declared that ". . . A party may not complain of the failure of the court to make a finding that would necessarily have been adverse to him," citing *Goldberg* v. *Paramount Oil Co.,* 143 Cal.App.2d 215, 224 [300 P.2d 329].

■ Appellants make several complaints concerning proceedings in the superior court. They first urge error on the part of the court in its refusal to allow them to present a limited record of the proceedings before the District's hearing board. The record before us discloses that when appellants' application for the writ of mandamus was presented on its merits, appellants had not caused any part of the oral proceedings before the hearing board to be transcribed. Rather, they presented the matter to the court upon the pleadings, various exhibits and maps introduced in evidence before the hearing board, certain publications of the District, and other documents. The relevant provisions of Regulation 2 were quoted in the District's reply to the petition for mandate and were thus before the court. During the hearing, some difference arose between counsel concerning the testimony of witnesses before the District hearing board. Counsel for appellants expressed a willingness to have the testimony of two witnesses transcribed and presented to the court. The court declared that the matter could not be presented on a partial record. This, of course, was incorrect, because Health and Safety Code section 24368.4 expressly authorizes judicial review of the District's proceedings, and provides for preparation of a partial record. Code of Civil Procedure section 1094.5, subdivision (a) also supports appellants' contention that it is proper in mandate proceedings to present all or part of the record before the inferior tribunal. But we see no reason to fault the trial court's ruling here. It must be remembered that the matter was before the court for hearing on its merits. It was the obligation of appellants to be ready to go forward with their evidence and to make a showing in support of their application for the writ. They chose not to be prepared with a transcript of the testimony before the board. They made no request for a continuance so that a transcript could be prepared. There was no attempt to demonstrate to the trial court the relevance or significance of the absent testimony, and there is no suggestion made on this appeal that the disputed testimony, if presented, would have

affected the result of the trial court's proceedings. Undoubtedly, if appellants had made a request for a continuance so that the full record could have been presented, the court would have granted the request upon a proper showing, but in the absence of such a request, and with no showing of prejudice, the error becomes insignificant.

Appellants argue that the trial court did not exercise its independent judgment on the evidence. This is not correct. In an effort to show that the court did not weigh the evidence appellants quote an isolated comment of the court made during the proceedings, to the effect that ". . . if there is any evidence before the board, obviously they are going to prevail. . . ." But this does not show that, in its final analysis, the court did not weigh the evidence and form its own independent judgment upon all of the evidence before it. The trial court had before it the exhibits and pleadings previously noted. Other portions of the record disclose that the trial court was aware of its duty to weigh the evidence before it and to decide the issues on the weight of the evidence rather than by the substantial evidence rule.

Next, appellants say that it was not incumbent upon them to procure a transcript of the oral proceedings, thus implying, as we understand their argument, that the trial court could not have exercised its independent judgment upon the evidence (Health & Saf. Code, § 24367.13) because all of the evidence was not before the court. But the trial court was not obliged to procure appellants' evidence, or to take any step to obtain a record of the proceedings before the District board. All that was required of the trial court, in exercising its power and duty under section 24367.13 was to weigh the evidence presented to it, and to exercise its independent judgment on that evidence. Here, all of the relevant evidence, except the transcript of the oral proceedings before the board, was presented to the court through the pleadings and exhibits. There is nothing in the record to suggest that the court failed to weigh all of that evidence. In the absence of an appropriate showing that the court did not weigh the evidence we must presume that it did, and uphold the result, if we find it to be supported by substantial evidence.

Appellants' last procedural objection is that certain findings of the superior court are not supported by substantial evidence. Thus the court made findings concerning intrinsic differences between the use of incinerators at one and two-

family dwellings and the use of other incinerators; concerning complaints against the use of incinerators at appellants' apartments, and various findings based upon evidence received by the District hearing board in its proceedings. We agree that some of these findings are not supported by substantial evidence. But we fail to see how this tends in any way to show that the trial court did not properly evaluate the evidence before it and reach the right result. The appellants had the burden of demonstrating to the trial court that the determination of the District was erroneous and invalid as applied to them. This they did not do. No procedural misstep impeded their efforts in any manner. Indeed, most, if not all, of these matters may be regarded as of little significance, having no effect whatever upon the ultimate result. As we have noted, and will later discuss, appellants' basic attack upon the District's regulation was founded upon its alleged unconstitutionality as applied to them. The issue before the trial court was actually one of law, in which event findings are not appropriate, and those made here become immaterial.

As we earlier noted, appellants attack the constitutionality of the District's Regulation 2 on two grounds. First, they say the regulation confiscates their property without just compensation, and second, that it creates an unreasonable and arbitrary classification.

Appellants' contention confuses an exercise of the police power on the part of the District with an exercise of the power of eminent domain by a public agency. Undoubtedly, as appellants contend, private property may not be taken for public use without just compensation being made to the owner. (Cal. Const., art. I, § 14.) ▪ But the constitutional guaranty of just compensation attached to an exercise of the power of eminent domain does not extend to the state's exercise of its police power, and damage resulting from a proper exercise of the police power is simply *damnum absque injuria*. (*Gray* v. *Reclamation District No. 1500,* 174 Cal. 622, 639 [163 P. 1024].) In the cited case our Supreme Court declared that: "[T]his much is uncontestably true: Where the police power is legitimately exercised, uncompensated submission is exacted of the property owner if his property be either damaged, taken, or destroyed." (*Id.,* at 640.) Here, of course, the District, in the enactment and enforcement of its Regulation 2, was engaged purely in an exercise of the state's police power. The only question pre-

sented, therefore, is whether the District in enacting and enforcing its regulation exceeded the limits of a valid exercise of that power.

The police power is commonly described as ". . . the power inherent in a government to enact laws, within constitutional limits, to protect the order, safety, health, morals and general welfare of society." (*In re Rameriz*, 193 Cal. 633, 649-650 [226 P. 914, 34 A.L.R. 51].) Generally, an exercise of the police power will be upheld if the act, ordinance or regulation is not arbitrary, unreasonable or discriminatory. It is common knowledge today that the atmosphere of almost every metropolitan area, including the area embraced within the limits of the respondent District, is subject to pollution from noxious gases discharged by vehicles, industrial establishments and incinerators. The evident purpose of the District's regulation is to protect the purity of the air that it may be free from harmful contamination. The District exists for that very purpose. Its regulation is not only reasonable, but indeed is essential, and represents a lawful and proper exercise of the police power. (*Northwestern Laundry* v. *Des Moines*, 239 U.S. 486 [36 S.Ct. 206, 60 L.Ed. 396].)

Finally, appellants contend that the District's regulation creates an arbitrary and unreasonable classification in that it exempts from its provisions incinerators operated at one and two-family dwellings, while visiting the full force of its restrictions upon incinerators used in multi-family apartment houses such as those of appellants. We cannot uphold this objection. At the outset we must presume that the District acted lawfully in the adoption of its regulation, and that the regulation is valid. Where, as here, the claim is made that a regulation creates an arbitrary classification and is hence unconstitutional, the burden is upon the assailant to establish the invalidity of the regulation. (*People* v. *Plywood Mfrs. of Cal.*, 137 Cal.App.2d Supp. 859, 867 [291 P.2d 587].) The general rule is that ". . . a law is general and uniform and affords equal protection in its operation when it applies equally to all persons embraced within the class to which it is addressed, provided such class is founded upon some natural, intrinsic, or constitutional distinction between the persons composing it and others not embraced therein." (11 Cal.Jur.2d, Constitutional Law, § 272, p. 718, and cases cited at note 18.) Here, of course, the District's regulation applies equally to all multi-

family apartment houses, and all coming within that class are treated alike. It is not invalid merely because it exempts from its provisions incinerators at one and two-family dwellings. The problem of air pollution is a vast one, not susceptible to immediate and complete solution by a single means. Indeed, the ultimate solution is likely to result from a step-by-step attack upon separate contributing causes, and their gradual elimination. Here the District has chosen to prohibit the discharge of dense smoke into the atmosphere, and has made its regulation applicable to the incineration of refuse and garbage at multi-family apartment houses, while exempting the incineration of garbage at single family and duplex residences. No doubt the incineration of garbage at single family and duplex dwellings does contribute to air pollution, but it is neither arbitrary nor unreasonable for the District to select the larger problem for immediate attention and to look to the lesser problem at a later day.

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied January 19, 1966, and appellants' petition for a hearing by the Supreme Court was denied February 16, 1966.