[S. F. No. 22350.   In Bank.   Feb. 16, 1967.]

GREYHOUND LINES, INC., Petitioner, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

William W. Schwarzer, Craig McAtee and McCutchen, Doyle, Brown, Trautman & Enersen for Petitioner.

Mary Moran Pajalich, Roderick B. Cassidy, Elmer J. Sjostrom and Timothy E. Treacy for Respondent.

BURKE, J. — Pétitioner, Greyhound Lines, Inc., is a passenger stage corporation as defined in section 226 of the Public Utilities Code.[1] (See also §§ 211 subd. (c), 216 subd. (a).) In September 1964 respondent Public Utilities Commission of California instituted an investigation on its own motion to determine, among other things, whether petitioner's rates of fare and service in commutation operations in the San Francisco Bay Area were "reasonable and adequate" and whether petitioner should be ordered to extend its passenger stage (bus) service over certain described routes in San Mateo County and in Contra Costa County.

Following hearings the commission issued its order directing petitioner to institute peak-hour commutation service between (1) the cities of Concord and San Francisco along portions of Ygnacio Valley Road and Oak Grove Road, and (2) the cities of San Bruno and San Francisco via Skyline Boulevard.  As will appear, we have concluded that the order should be annulled for lack of the separately stated findings on all material issues required by section 1705.[2]

---

[1] All section references are to the Public Utilities Code, unless otherwise stated.

[2] Section 1705 in pertinent part: "... the commission shall make and file its order, containing its decision. The decision shall contain, sepa-

With respect to the two described routes, the only separately stated findings which appear in the decision are that "The public interest requires the establishment" of the service but that "Safety of operations will not permit the inauguration" of the Skyline Boulevard service "until adequate turnouts for bus stops are constructed by the responsible public authorities."  ▮  The ultimate finding of public interest, like that of public convenience and necessity, does not meet the requirement of section 1705.[3] "Every issue that must be resolved to reach that ultimate finding is 'material to the order or decision,'" and findings are required of the basic facts upon which the ultimate finding is based. (*California Motor Transport Co.* v. *Public Utilities Com.* (1963) 59 Cal.2d 270, 273 [2] [28 Cal.Rptr. 868, 379 P.2d 324]; see also *Associated Freight Lines* v. *Public Utilities Com.* (1963) 59 Cal.2d 583 [30 Cal.Rptr. 466, 381 P.2d 202].)

As emphasized in *California Motor Transport* (59 Cal.2d at pp. 274-275), such findings afford a rational basis for judicial review and assist the reviewing court to ascertain the principles relied upon by the commission and to determine whether it acted arbitrarily, as well as assist parties to know why the case was lost and to prepare for rehearing or review, assist others planning activities involving similar questions, and serve to help the commission avoid careless or arbitrary action. (See also *Pacific Tel. & Tel. Co.* v. *Public Utilities Com.* (1965) 62 Cal.2d 634, 648 [44 Cal.Rptr. 1, 401 P.2d 353].)

▮ Furthermore, the commission's decision in this case discloses that there were other material issues on which evidence was introduced, such as whether the two new routes are beyond petitioner's dedication of its property to public use and thus beyond the jurisdiction of the commission to order petitioner to serve, and whether commutation service on either of such routes would pay its way or would be a losing operation imposed on petitioner. However, the decision contains no findings separately stated thereon. (See *Associated Freight Lines* v. *Public Utilities Com., supra* (1963) 59 Cal.2d 583.)

Inasmuch as the commission did not regularly pursue its

rately stated, findings of fact and conclusions of law by the commission on all issues material to the order or decision. . . ."

[3]We do not know whether the finding of public interest is intended as the equivalent of a finding of public convenience and necessity.

authority, its order must be annulled. (§§ 1757, 1758.) Accordingly, other contentions of petitioner need not be discussed.

The order is annulled.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.