[L.A. No. 29555. In Bank. June 24, 1968.]

MELVIN EVANS, Petitioner, v. WORKMEN'S COMPEN-
SATION APPEALS BOARD, AIRPORT PLASTER-
ERS et al., Respondents.

Levy, DeRoy, Geffner & Van Bourg and Barry Satzman for
Petitioner.

Everett A. Corten, Edward A. Sarkisian, Nathan Mudge,

T. Groezinger, Loton Wells, G. K. Bogue and Arthur C. Jones for Respondents.

BURKE, J.—Petitioner seeks annulment of a decision of the Workmen's Compensation Appeals Board after reconsideration which denied his petition to reopen on the ground of new and further disability. As hereinafter appears we have concluded that the decision should be annulled for failure of the appeals board to state the evidence relied upon and to detail the reasons for its action, as required by section 5908.5 of the Labor Code.

In 1963 petitioner was awarded permanent disability benefits by reason of industrial injuries suffered in January and March of 1961. On June 3, 1966, more than five years from the last date of injury, he filed a petition to reopen on the ground that he had sustained new and further disability.

Section 5804 of the Labor Code provides that ''No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition . . . filed within such five years. . . .'' Section 5408 states in pertinent part that the limitation period does not run against an incompetent unless and until a guardian or trustee is appointed. None had been appointed here.

After considering the evidence, including reports and testimony of physicians and psychiatrists who had examined petitioner, the trial referee granted the petition to reopen, found that petitioner's injury had caused further disability and that his claims therefor were not barred by the limitations period, and issued an additional award. Defendants (employer and insurance carrier) sought reconsideration.

Thereafter the appeals board issued its order and decision in writing by which it (1) granted reconsideration; (2) vacated and annulled the referee's reopening order and his decision and award; (3) found that petitioner's injury did not cause any further disability, and that his claims therefor were barred by the limitations period; (4) denied his petition to reopen.

The only reference made by the board to the evidence and to the reasons for its decision was the statement that ''We have carefully reviewed the record in this matter and are of the opinion that it is not established by the evidence therein that applicant was incompetent as he alleges. His petition to reopen which was filed on June 3 1966 was therefore barred.''

Section 5908.5 of the Labor Code directs that "Any *decision* of the appeals board *granting or denying* a petition for *reconsideration or affirming, rescinding, altering, or amending* the *original findings, order, decision, or award following reconsideration* shall be made by the appeals board and not by a referee and shall be in writing . . . and *shall state* the *evidence relied upon and specify in detail the reasons* for the decision." (Italics added.)

 The purpose of the requirement that evidence be stated and reasons detailed appears analogous to that of the requirement of section 1705 of the Public Utilities Code that decisions of the Public Utilities Commission contain separately stated findings of the basic facts upon all material issues. It is to assist the reviewing court to ascertain the principles relied upon by the lower tribunal, to help that tribunal avoid careless or arbitrary action, and to make the right of appeal or of seeking review more meaningful. (*Greyhound Lines, Inc.* v. *Public Utilities Com.* (1967) 65 Cal.2d 811, 813 [2] [56 Cal.Rptr. 484, 423 P.2d 556].)

 Since the appeals board did not regularly pursue its authority, its decision must be annulled. The board retains jurisdiction, having granted reconsideration within the 30-day period set forth in section 5909 of the Labor Code.[1] The new decision to be issued by the board stating the evidence relied upon and detailing the reasons may at the board's discretion be based upon the proceedings already taken. (See *Associated Freight Lines* v. *Public Utilities Com.* (1963) 59 Cal.2d 583, 585 [30 Cal.Rptr. 466, 391 P.2d 202].)

The decision of the board following reconsideration is annulled.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

Petitioner's application for a rehearing was denied July 24, 1968, and the opinion was modified to read as printed above.

---

[1]Section 5909: "A petition for reconsideration is deemed to have been denied by the appeals board unless it is acted upon within 30 days from the date of filing. The appeals board may, upon good cause being shown therefor, extend the time within which it may act upon such petition for not exceeding 30 days."