[Civ. No. 32946. Second Dist., Div. Three. Sept. 26, 1968.]

THELMA R. HOLCOMB, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondents.

Jack R. Berger for Petitioner.

Everett A. Corten, Nathan Mudge, Clopton & Penny and Robert R. Wills for Respondents.

McCOY, J. pro tem.*—This is a proceeding to review and annul the decision of the Workmen's Compensation Appeals Board denying applicant's petition for reconsideration of the findings and award of the referee.

On May 5, 1965, an award issued on petitioner's application for workmen's compensation benefits based on a finding by a referee that applicant had sustained cumulative industrial injury to her lungs from April 1, 1963, to September 26, 1964, as a result of exposure to irritating chemicals and fumes while employed as a manager of a self-service cleaning establishment. She was awarded temporary disability benefits and reimbursement for previously self-procured medical treatment. When the referee made that award he made an express finding that there was no evidence on file of permanent disability at that time. On October 31, 1966, a petition to reopen based on a claim that the exposure caused eye injury was denied.

On June 15, 1967, applicant again petitioned to reopen, alleging that her lung condition had become worse and that she had sustained new and further disability. On January 23, 1968, this petition was granted. After a hearing and the receipt of certain medical reports, the referee found that applicant sustained permanent disability on account of the injury of 45 percent after apportionment and made an award for permanent disability. The referee found, however, that further medical treatment to cure or relieve from the effects of

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

this injury is not required and that the applicant is not entitled to reimbursement for the expenses of her self-procured medical treatment. Applicant petitioned for reconsideration of the need for further medical treatment and reimbursement for medical treatment procured after May 6, 1967. This petition was denied and she now seeks review of the order denying reconsideration.

The report of the referee on the petition for reconsideration states [Exh. J to Ptn.] that, in denying these benefits, "the Referee weighed all of the evidence in the record but was primarily motivated by the opinion of the Agreed Medical Examiner, Morton Kritzer, M. D., as set forth in his report dated September 9, 1967." The board's opinion and order denying reconsideration states [Exh. A to Ptn.]: "We have carefully reviewed the record in this matter. Applicant was awarded permanent disability of 45 percent, which we consider very liberal. From a review of the file we find insufficient any contention that it would be less. However, we find from the evidence in the record, including the eleven-page report of the Independent Medical Examiner of September 9, 1967, that the only medical treatment that applicant requires is for a pre-existing non-industrial condition and does not need further medical treatment to cure or relieve from the effects of her injury."

Applicant contends that a fair and impartial reading of Dr. Kritzer's report demonstrates that he was of the opinion that applicant was and is in need of further medical treatment on account of the industrial injury. She also asserts that this is substantiated by Dr. Kritzer's oral testimony and that the other doctors who treated and examined her were of the same opinion, as shown by their reports. The board answers that it is recognized by all of the doctors that applicant was and is in need of further medical care as she is 100 percent disabled, but that it was Dr. Kritzer's opinion that the need for further medical treatment was due to nonindustrial factors of her total disability; that as to the opinions of the two other doctors, Dr. Motley expressed none, and that the report of Dr. Black on which petitioner relies was never offered or admitted into evidence; and that no evidence as to the nature or extent of self-procured medical costs after May 6, 1967, was ever offered or admitted.

 Section 5908.5 of the Labor Code provides that any decision of the board granting or denying reconsideration "shall be in writing, . . . and shall state the evidence relied

upon and specify in detail the reasons for the decision.'' In *Evans* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 753 [68 Cal.Rptr. 825, 441 P.2d 633], the decision of the board under review reads: ''We have carefully reviewed the record in this matter and are of the opinion that it is not established by the evidence therein that applicant was incompetent as he alleges.'' The court there annulled the order granting reconsideration. The purpose of section 5908.5, said the court, ''is to assist the reviewing court to ascertain the principles relied upon by the lower tribunal, to help that tribunal avoid careless or arbitrary action, and to make the right of appeal or of seeking review more meaningful. . . . Since the appeals board did not regularly pursue its authority, its order and decision must be annulled.''

In the matter at issue here, the decision of the board is comparable to the decision which was annulled by the court in *Evans*. Here, after stating that it had ''carefully reviewed the record,'' the reason given by the board for denying reconsideration is its '' [finding] from the evidence . . . that the only medical treatment that applicant requires is for a pre-existing non-industrial condition and [that the applicant] does not need further medical treatment to cure or relieve from the effects of her injury.'' It will be immediately observed that, in making this decision, the board did not state any of the evidence on which it relied.[1] It will also be observed that no reason whatever is stated by the board for its implied denial of reimbursement for applicant's self-procured medical treatment, and that there is no statement in the decision of the evidence relied upon in making that implied decision. The statement that the board has ''carefully reviewed the record'' does not meet the requirements of section 5908.5. Similarly, the extensive quotations from the record in the board's answer to the petition for review do not meet those requirements. Section 5908.5 provides that the board itself shall state in its decision the evidence on which it relied in making that decision.

Since the decision of the board must be annulled, we do not

---

[1]The 300-page record of the board, as certified to us for the purpose of review, includes the testimony of the applicant, the reports of several doctors, including the report of the agreed medical examiner, and the testimony of the agreed medical examiner.

We note, parenthetically, that because of the inability of the reporter to find his notes, the parties have stipulated that the referee's summaries of the testimony may be used in this proceeding in place of transcripts.

reach the substantive issues raised by the petitioner for review.

Having acted on the petition for reconsideration within 30 days from the date it was filed, albeit without regularly pursuing its authority in making its decision, the board retains jurisdiction to make a new decision on the petition for reconsideration. ''The new decision to be issued by the board stating the evidence relied upon and detailing the reasons may at the board's discretion be based upon the proceedings already taken.'' (*Evans* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d at p. 755.) [2]

The decision of the board denying reconsideration is annulled and the case is remanded to the board with directions to issue a new decision on the applicant's petition for reconsideration within 30 days from the day on which this decision becomes final.

Ford, P. J., and Moss, J., concurred.

---

[2] In her points and authorities in support of the petition for review, petitioner refers to and relies on the report of Dr. J. P. Black, dated December 14, 1967. In its answer to the petition the board states that this report was never offered or received in evidence. In response, petitioner attaches a copy of her attoreny's letter of Decmber 18, 1967, to the board, transmitting Dr. Black's report, and states that in sending that letter and report, her attorney was following the usual practice. We do not find the letter of December 18, 1967, or the report of Dr. Black in the record certified to us. Although the report is referred to in the petition for reconsideration, the record fails to disclose that it was ever received by the board or that it was received in evidence. Whether the case should be reopened for the purpose of receiving the report of Dr. Black of December 14, 1967, as additional evidence before the board makes its new decision, rests in the sound discretion of the board. (Lab. Code, § 5908.)