[Civ. No. 32963.    Second Dist., Div. Three.    Sept. 27, 1968.]

B-L RANCH, INC., Petitioner, v. WORKMEN'S COMPEN-
SATION APPEALS BOARD, FRANCA LUCIA RAY
et al., Respondents.

McConnell & Cramoline and Lawrence Kirk for Petitioner.

Everett A. Corten, Sheldon M. Ziff, Nathan Mudge and Arthur C. Jones, Jr., for Respondents.

McCOY, J. pro tem.*—This is a proceeding to review and annul an order of the Workmen's Compensation Appeals Board dismissing the employer's compensation insurance carrier as a party defendant to the proceedings on the applicant's claim for death benefits and funeral expenses arising out of the industrial injury and death of applicant's husband.

In June 1967 Franca Lucia Ray, the widow of Marian Ray, applied to the board for adjudication of her claim against B-L Ranch, Inc., and State Compensation Insurance Fund as the employer's insurance carrier, arising out of the industrial accident and death of her husband, Marian Ray, on May 13, 1967, while employed as a ranch worker by B-L Ranch, Inc. By its answer State Compensation Insurance Fund, hereafter referred to as the Fund, denied that it was the compensation insurance carrier for B-L Ranch, Inc. on the date of the accident. After hearing the matter the referee ordered the Fund dismissed as a party defendant, and then made an award in favor of the applicant against B-L Ranch, Inc. as an uninsured employer.

The primary issue before the referee was whether the fund was the insurance carrier for the employer at the time of the accident. The contentions of the parties before the referee with reference to this issue are repeated in the petition of the employer for reconsideration and in the Fund's answer thereto. The employer's petition for reconsideration was based on the ground that the evidence does not justify the referee's findings of fact and that the findings do not support his decision. In support of its petition the employer contended in substance that the Fund was estopped to deny coverage

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

and that it had waived the right to claim termination of the policy. In its answer the Fund contended its conduct before the injury, as shown by the record, did not create an estoppel, that its conduct after the injury did not constitute a waiver, and that the evidence sustains the findings of the referee. The petition for reconsideration was denied by the board.

■ We have concluded that the decision of the board denying the petition for reconsideration must be annulled because of the failure of the board to comply with the provisions of section 5908.5 of the Labor Code. That section provides that any decision of the board denying a petition for reconsideration "shall be in writing . . . and shall state the evidence relied upon and specify in detail the reasons for the decision." Where the board fails to comply with this section, the court cannot fairly consider the substantive issues raised by the petition for review. (*Evans* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 753 [68 Cal.Rptr. 825, 441 P.2d 633].)

■ In the case before us the board's order denying reconsideration reads: "We have considered the allegations of the Petition for Reconsideration on file herein and the contents of the Referee's Report with respect thereto. Based on our review of the record, and for the reasons stated by the Referee, whose report we herewith adopt and incorporate, It is Ordered that said Petition for Reconsideration be, and it hereby is, Denied." It is obvious on its face that in making this decision the board made no attempt to comply with section 5908.5 of the Labor Code, in that, the decision contains no statement of the evidence relied upon and no statement of the reasons for the decision. As we pointed out in *Holcomb* v. *Workmen's Comp. App. Bd., ante,* p. 108 [71 Cal.Rptr. 874], decided this day, the board's failure to comply with that section is not cured by the extended discussion of the evidence and of the reasons for the board's decision in the answer filed by the board's attorneys to the petition for review.

It is equally obvious, at least in the case before us, that the board has not complied with section 5908.5 by adopting and incorporating in its decision the reasons stated in the report of the referee. The formal decision of the referee in which he ordered the Fund dismissed as a party defendant contains no findings of fact as to the issues of estoppel or waiver and no statement of the reasons for his order or of the evidence on which he based his decision. The only statement with refer-

ence to the issue of insurance coverage is found in the referee's opinion on his decision, where he says: "Because of sloppy business practices, the defendant employer was delinquent in paying premium and allowed its workmen's compensation insurance coverage to lapse on May 2, 1967. Therefore, it is found that the defendant employer had no coverage on the date of the fatal accident."

The report of the referee on the petition for reconsideration is equally inadequate. So far as relevant here, it reads: "In arriving at the decision [that there was no insurance coverage] the Referee carefully weighed all of the evidence in the record. The record clearly demonstrates that workmen's compensation insurance coverage provided by State Compensation Insurance Fund lapsed on May 2, 1967, because of defendant employer's failure to pay the insurance premium. The industrial accident took place on May 13, 1967, when there was no insurance coverage." Assuming that the adoption and incorporation in its decision of a report of the referee on a petition for reconsideration is sufficient compliance with the requirement of section 5908.5 that the decision of the board on a petition for reconsideration "shall be made by the appeals board and not by a referee," the adoption and incorporation of such a report is not sufficient where the report itself contains no statement of the evidence relied upon or of the reasons for the decision as to decisive issues.

In our opinion petitioner had the right under the law to a decision of the board on the issues raised in the proceedings before the board, as a prerequisite to a review by the court of an adverse decision. ▪ In our opinion, since the board did not regularly pursue its authority in making its decision on the petition for reconsideration, the board retains jurisdiction to make a new decision on that petition which complies with the provisions of section 5908.5 of the Labor Code. (*Evans* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 753 [68 Cal.Rptr. 825, 441 P.2d 633].)

The decision of the board denying reconsideration is annulled and the case is remanded to the board with directions to issue a new decision on applicant's petition for reconsideration within 30 days from the day this decision becomes final.

Ford, P. J., and Cobey, J., concurred.