[Civ. No. 12668. Third Dist. Apr. 5, 1971.]

SIDNEY J. WEBB, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents.

## COUNSEL

Sidney J. Webb, in pro. per., for Plaintiff and Appellant.

Wayne N. Stephenson as Amicus Curiae on behalf of Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Anthony S. DaVigo, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**BRAY, J.**\*—This is an appeal by petitioner from judgment denying his petition for writ of mandate requiring respondent board to make certain findings.[1]

### QUESTION PRESENTED

Does section 18682 of the Government Code require the State Personnel Board to make findings upon request in a job classification matter?[2]

### RECORD

Petitioner is a permanent civil service employee of the State of California holding the position of Public Utility Financial Examiner IV with the Public Utilities Commission, said position having been so classified by the State Personnel Board. During a personnel management survey of the

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]California State Employees' Association has filed an amicus curiae brief in support of petitioner.

[2]Section 18682 of the Government Code provides: "Whenever any employee, department, or other person, actively interested in a matter before the Personnel Board and in connection with which it is holding a hearing, requests that the board make findings, then the board shall make findings if such request is made at any time prior to the time the board takes the matter under submission."

Public Utilities Commission, petitioner requested the State Personnel Board to audit his position and classify him to a higher level.

On May 8, 1968, an audit of petitioner's position was made in a detailed six page memorandum. This recommended that petitioner's position remain allocated to the class of Public Utilities Financial Examiner IV. Thereafter petitioner filed with the State Personnel Board an appeal from the findings and determination of the board's staff, requesting the board to reallocate said position to a new class at a higher level and specifically asked the board to make findings on all issues material to meeting the requirements of section 18801 of the Government Code.[3]

After hearing the appeal, the board denied the request for reclassification without making findings. Subsequently petitioner filed with the board a petition for rehearing demanding that it make supporting findings as he claimed is required by section 18682 of the Government Code. The board denied the petition for rehearing, still without making any formal findings. Then petitioner filed in the Sacramento County Superior Court a petition for alternative writ of mandate to compel said board to make the requested findings. The court issued its alternative writ commanding the board either to make findings of fact regarding the classification of petitioner's position or to show cause why it had not done so. The board filed a return to the alternative writ of mandate by way of answer and demurrer to petition. After a hearing the court issued its judgment vacating the alternative writ of mandate and denying the petition.

### FINDINGS BY THE BOARD

The main cause of the conflict between petitioner and the board is his contention that a large part of his duties and responsibilities fall within a part of the definition of Assistant Chief, Finance and Accounts Division, that the legal aspects of his duties and responsibilities are grossly underrated and that the "heavy emphasis upon accounting and auditing, as compared with financing and law, in the minimum qualifications for my

---

[3]Section 18801 reads as follows: "Every position in the state civil service shall be allocated to the appropriate class in the classification plan. The allocation of a position to a class shall derive from and be determined by the ascertainment of the duties and responsibilities of the position and shall be based on the principle that all positions shall be included in the same class if:

"(a) Sufficiently similar in respect to duties and responsibilities that the same descriptive title may be used.

"(b) Substantially the same requirements as to education, experience, knowledge and ability are demanded of incumbents.

"(c) Substantially the same tests of fitness may be used in choosing qualified appointees.

"(d) The same schedule of compensation can be made to apply with equity."

position, is inappropriate." He asked that his position "be reallocated at least to the level of Examiner II, Public Utilities Commission." On this appeal petitioner states that "his principal contention on appeal, as it was in the Superior Court, is that respondents refused to make any findings of fact upon which they based their decision."

Petitioner contends that if compelled to make findings of fact the board "would be squarely confronted with the inappropriateness of the accounting and auditing education, experience, knowledge and ability requirements in the specification as related to the actual functions of appellant's position."

In the notification to the petitioner of the board's denial of his appeal appears the statement, "It has not been the practice of the Personnel Board to issue findings of fact on matters that are quasi-legislative in nature such as classification and pay hearings."

■ The question is whether the requirement in section 18682 that upon request findings be made is subject to an exception where the board is considering whether to change the specifications for a particular positional grade. Petitioner's request was that his position be audited and that the duties and responsibilities which he was performing be assigned to a higher class. Petitioner concedes that in the staff report to the board "My specific duties were incorporated by Board action into the class specification for Public Utility Financial Examiner IV," and "The position remains essentially as described in the job specification for that class." His main contention is that in that class "Primary emphasis is placed on financial rather than legal expertise." Does the action of the board which held that no appropriate basis existed for sustaining his appeal require a finding of fact showing that primary emphasis is or is not placed on financial expertise?

No formal or written findings of fact were made. The only indication in the record of the method of denial of petitioner's appeal is in the form of a letter to petitioner from the executive officer of the State Personnel Board dated August 13, 1968, stating as follows: "The Members of the State Personnel Board have reviewed and considered the information you presented in connection with your recent appeal from the staff recommendation that your position remain allocated to the class of Public Utility Financial Examiner IV. They were unable to find that an appropriate basis existed for sustaining your appeal, and the Board, therefore, on August 9, 1968, denied your appeal."

It is clear that petitioner made written request for findings specifically pursuant to section 18682 prior to the time the board took the matter under submission. Such request was made in writing on May 31, 1968, at

the same time and in the same document that the appeal from the staff recommendation was made to the board and a hearing requested, and the request was repeated on September 3, 1968, with the petition for rehearing before the board after the board denied the appeal following a hearing held on July 25, 1968, at which testimony of petitioner and others was taken.

"The basic purposes of findings are . . . to enable the court to examine the decision of the administrative agency in order to determine whether it is based upon a proper principle [citation]; and to apprise the litigants or parties in regard to the reason for the administrative action as an aid to them in deciding whether additional proceedings should be initiated and, if so, upon what grounds [citation]." (*Swars* v. *Council of City of Vallejo* (1949) 33 Cal.2d 867, 871 [206 P.2d 355].)

Section 18803 of the Government Code makes it plain that petitioner was entitled to a hearing on allocation of his position and the board did hold such a hearing. There is no dispute over this. The dispute is over the question of findings following such hearing.

Respondents contend that the board is not required to make findings on classification matters because they are quasi-legislative as opposed to quasi-judicial in nature. Respondents also contend that because Government Code section 18803 provides for a "[r]easonable opportunity to be heard" for an employee affected by allocation of his position to a class no formal hearing with taking of testimony is necessary since section 18682 is in a different chapter of the Government Code than section 18803. Both these contentions have no merit. The alleged distinction between quasi-legislative and quasi-judicial proceedings does exist for some general purposes. (See 2 Cal.Jur.2d, Administrative Law, § 20.) But under the statutes here applicable a distinction for finding purposes is unsupported by any citation of judicial authority by respondents. The statutes themselves make no such distinction, and we find no authority or reason to do so. Respondents are asking us to hold that section 18682 applies to only some, but not all, hearings. This contention is similar to that rejected by the Supreme Court in *California Motor Transport Co.* v. *Public Utilities Com.* (1963) 59 Cal.2d 270, 272 [28 Cal.Rptr. 868, 379 P.2d 324], in which it was held that section 1705 of the Public Utilities Code pertaining to "any hearing" required findings for all types of commission action, regardless of their nature, wherein a hearing was held. (See also 146 A.L.R. 209.) Section 18682 is plain and unambiguous. It is contained in chapter 2 of part 2 of division 5 of title 2 of the Government Code, and section 18803 is contained in the adjoining chapter 3; but they are both part of the state Civil Service Law, and section 18682 by its language and location clearly

applies to any hearing under that law where the employee meets its requisites.

Respondents also contend that the board made adequate findings, or that the record does not support petitioner's contention that the board failed to do so. ■■ Respondents argue that Exhibit B of the petition for mandate shows the staff of the board made a detailed written analysis of petitioner's position and made its recommendation based on determinations by the staff that the duties were within the existing class specifications. It is argued by respondents that the report constitutes sufficient findings because the board based its denial of the appeal on the staff report. The respondents further argue that the statement in the letter from the executive officer that the board was unable to find an appropriate basis existed for sustaining the appeal constituted an adequate finding. Neither of these arguments has merit in the face of the express mandate of section 18682 of the Government Code that *"the board shall make findings."* The board prepared no formal finding and nothing in the record shows an express adoption of the staff's "findings." Had the board so desired it could have adopted them or incorporated them by reference. (*Swars* v. *Council of City of Vallejo, supra,* 33 Cal.2d 867, 872.) We do not look upon a statement by a staff officer that the board was "unable to find" an appropriate basis for sustaining petitioner's claim as constituting any finding of fact by the board. Section 18682 is mandatory, not permissive, and pertains to the board itself, not the staff. It makes no distinction between quasi-legislative or quasi-judicial matters. ■ Where a statute governing an administrative agency requires findings, such requirements must be satisfied to apprise the parties of the reasons for the action and to aid the courts in review. (*Swars* v. *Council of City of Vallejo, supra; California Motor Transport Co.* v. *Public Utilities Com., supra,* 59 Cal.2d 270.)

Respondents argue that the "denial" of the appeal by the board makes it obvious that if any findings had been made by the board they would be purely negative in form and "necessarily adverse" to him, and that therefore such findings would be an idle act and not necessary. Respondents cite *Lees* v. *Bay Area Air etc. Control Dist.* (1965) 238 Cal.App.2d 850, 853-854 [48 Cal.Rptr. 295], to this effect. ■ The *Lees* case and others cited therein stand for the proposition that there is no reversible error in lack of findings where a petitioner produces no evidence on the issue, or the evidence is clearly such that the finding must necessarily be against him. Such is not the instant case. Petitioner produced evidence and testified at a hearing and produced written arguments which could have supported findings in his favor. It cannot be said on the record before the court that the evidence considered by the board required or could allow for only negative findings. If respondents' argument in this regard were to prevail,

each time the board decided against a petitioner (even arbitrarily) in any matter after a hearing it could avoid the requirement of findings by the device of "denying the appeal" even in the face of timely request for findings, and make findings *only* when it decided favorably. Obviously, section 18682 cannot reasonably be construed to require findings only when there is a decision favorable to a person interested in a matter heard before the board. Such person is entitled equally to know the factual basis of a denial as he is to know such basis for a favorable decision. (*California Motor Transport Co.* v. *Public Utilities Com., supra,* 59 Cal.2d at p. 274.)

In his written appeal to the board from the staff determination petitioner admitted the truth of two statements contained in the staff recommendations to the effect that (1) the board had in the past set specifications for Public Utility Financial Examiner IV, and (2) the position remains essentially as described. However, respondents overlook the fact that a third statement of reasons for the staff recommendations of no change in position allocation was denied by petitioner. The staff contended that primary emphasis in the position remained on financial expertise, while petitioner vigorously contended that his duties had become largely legal in nature. Petitioner thus clearly challenged the staff determinations and recommendations that his position allocation remain unchanged, and, in fact, petitioner specifically contended that the position should on the basis of duties performed be allocated to the level of Examiner II, Public Utilities Commission.[4] The petition for writ of mandate was sufficient to show a basis for appeal to the board under the applicable statutory procedure affording a right to petitioner to a hearing before the board.

The judgment of the trial court is reversed with directions to issue its peremptory writ of mandate ordering the board to either rehear this matter de novo and make findings of fact thereon, or, in the alternative, to make findings of fact based upon the existing record of the hearing previously held before the board. (See *Associated Freight Lines* v. *Public Utilities Com.* (1963) 59 Cal.2d 583, 585 [30 Cal.Rptr. 466, 381 P.2d 202].)

Pierce, P. J., and Regan, J., concurred.

---

[4]Petitioner did not contend that he should personally be automatically promoted by a reallocation of his position, but only that its specifications of duties and qualifications should be changed and upgraded so that he could seek appointment by competitive civil service examination.