[Civ. No. 8901. Second Appellate District, Division One.—March 17, 1933.]

BAILEY A. MUSTAIN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Harold D. Kraft for Petitioner.

A. I. Townsend for Respondents.

CONREY, P. J.—The petition filed herein on January 6, 1933, asks for a review "of that certain record and award made by the Industrial Accident Commission of the State of California, dated December 7, 1932, in favor of the defendant employer and its insurance carriers and against the applicant employee". In fact, there was no "award" made at that time, but the Commission did, on that day, enter an order denying a petition which had been filed on November 5, 1932, wherein the claimant asked "for further re-

hearing and for a reopening of the case under section 20 (d)'' of the Workmen's Compensation, Insurance and Safety Act of 1917. Said petition of November 5th was directed to the prior proceedings which, on October 17, 1932, and after a rehearing once granted, had culminated in an award with which the petitioner was not satisfied.

Instead of giving us a convenient history of the case, counsel have left it for us to glean the dates and events from various portions of the pleadings.

The employer was Bullock's Department Store. The first injury to this employee occurred on August 10, 1929, at which time Lumbermen's Mutual Casualty Company was the insurance carrier. The second injury occurred on February 11, 1931, when California Casualty Indemnity Exchange was the insurance carrier. The claim for compensation was filed with the Commission on February 16, 1931, and this resulted in an award of date April 16, 1932, in favor of the employee and against Lumbermen's Mutual Casualty Company as for a new and further disability arising out of the injury of August 10, 1929.

On May 6, 1932, the Lumbermen's Mutual Casualty Company filed petition for rehearing, which was granted. After further hearing the Commission on October 17, 1932, decided that the injury which developed in the case of this employee on February 11, 1931, amounted to a new injury, and not to a new and further disability chargeable to the injury of August 10, 1929. Accordingly an award was made in favor of the employee and against California Casualty Indemnity Exchange, and the Lumbermen's Mutual Casualty Company was dismissed from liability.

It will be noted that the award of October 17, 1932, was made upon a rehearing of the cause, and that the issues involved in such rehearing arose out of a claim that new and further disability had occurred, and which called upon the Commission to exercise the jurisdiction conferred upon it by section 20 (d) of the Compensation Act. It does not appear here that the petition for rehearing filed November 5, 1932, alleged any other "new and further disability" than that which had been litigated in the previous rehearing. From this it would seem to follow that the petition to this court for a writ of review should have been directed to the order of October 17, 1932, and that in order to give jurisdic-

tion of the proceeding in this court the petition must have been filed within thirty days after that day. It has been held, in at least two cases, that the provisions of sections 64, 65, 67 of the Workmen's Compensation Act contemplate but one rehearing and that thereafter, if "*any party affected*" by the order feels aggrieved, he must apply to the appellate court. (*Crowe* v. *Industrial Acc. Com.*, 84 Cal. App. 287, 293 [258 Pac. 130]; *Harlan* v. *Industrial Acc. Com.*, 194 Cal. 352 [228 Pac. 654].)

The Commission in its answer has not claimed that the petition for a writ of review was filed too late. Possibly there is some error in our understanding of the facts as related to this point. Therefore we have considered the petition on its merits. ██ We find that although the evidence is conflicting, there is sufficient evidence to sustain the Commission in finding that the disability of the employee which arose after February 11, 1931, was a new injury occurring at that date, and was not a new or further disability arising out of the injury of August 10, 1929.

For this reason the petition for writ of review is denied.

Houser, J., and York, J., concurred.