139 Cal.App.2d 22 (1956)
292 P.2d 903
PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation) et al., Petitioners,
v.
INDUSTRIAL ACCIDENT COMMISSION and FELICE MAZZANTI, Respondents. STATE OF CALIFORNIA, SUBSEQUENT INJURIES FUND, Petitioner,
v.
INDUSTRIAL ACCIDENT COMMISSION, FELICE MAZZANTI et al., Respondents.
Docket Nos. 8820, 8821.
Court of Appeals of California, Third District.
February 2, 1956.
*23 Mullen & Filippi for Petitioners in Civ. No. 8820.
Edmund G. Brown, Attorney General and F.G. Girard, Deputy Attorney General, for Petitioner in Civ. No. 8821.
Everett A. Corton, Daniel C. Murphy, John L. Larue, Joseph F. Brodie, Marvin W. Houghton, Thomas E. Davis and Leonard, Hanna & Brophy for Respondents.
VAN DYKE, P.J.
We heretofore issued writs of review on petitions therefor by Pacific Employers Insurance with Empire Star Mines Company, Limited, a corporation, and State of California, Subsequent Injuries Fund. These are proceedings to review an award and related orders of respondent Industrial Accident Commission in the matter of the claim of Felice Mazzanti.
We shall refer to Pacific Employers Insurance Company as "Pacific," Empire Star Mines Company as "Empire" and Subsequent Injuries Fund as "the Fund."
On February 11, 1955, the respondent commission entered a decision wherein it awarded the applicant employee Mazzanti a permanent disability rating for injuries arising out of silicosis contracted while employed as a miner. The decision also apportioned liability between Pacific, Empire and the Fund and granted to the Veterans Administration a right of recovery of expenses incurred by them in treating the applicant. On March 2, 1955, Pacific and Empire petitioned respondent commission for reconsideration. On March 11, 1955, Pacific, Empire and the Fund petitioned this court for writs of review. On March 23, 1955, and before this court acted on the petitions for review, the respondent commission granted reconsideration. It appears that there was considerable uncertainty on the part of the three petitioners here and the commission as to whether or not the commission could grant reconsideration and as to what effect the order of March 23d purporting to do so had upon the rights of the parties. The uncertainty arose because of the previous history of the proceedings before the commission. Upon application of Mazzanti there had been an award based on a finding of total temporary *24 disability resulting from his employment in mining. The award ran against Pacific and Empire. After paying out considerable sums over a period of time Pacific, on February 1, 1952, petitioned the commission to terminate temporary disability, to give to Mazzanti a permanent disability rating and to assess partial responsibility against the Fund under section 5500.5 of the Labor Code. Hearings were held and on June 22, 1953, the commission terminated total temporary disability, found applicant to be totally permanently disabled, assessed the Fund with a portion of the award, made an award in favor of the Veterans Administration and made other related orders. On July 10, 1953, the Fund petitioned for reconsideration. On July 13, 1953, Pacific and Empire likewise petitioned for reconsideration and on August 7, 1953 the commission granted these petitions. On reconsideration the previous orders were substantially affirmed. When, therefore, further petitions for reconsideration were filed, questions arose as to the jurisdiction of the commission to grant them. Under the prevailing practice whereby the record is not filed until after writs are issued, the record of the proceedings before respondent commission was not before this court and this court issued its writs.
[1a] The full record has been filed in response to the writs and the following appears therefrom. After the granting of the first petitions for reconsideration respondent commission proceeded to hold hearings and at these hearings considerable testimony was taken. We think the jurisdiction of the commission to reconsider was properly invoked by the last petitions for reconsideration and that its order granting the petitions set the matter wholly at large, so that there is nothing before this court upon which our writs can operate. It will be conducive to clarity to cite briefly from the record showing the action taken by the respondent commission. The commission's referee, reporting on the last petitions for reconsideration, stated as follows:
"This case is such an involved one that the writer has been unable to fully consider all the many points involved. Because of the limited time available for the study of this case, the writer has been forced to devote most of his attention to what he deemed to be of greatest importance. He recommends that a general order issue granting reconsideration in order that the entire matter may be set at large and so that all points in the case may be fully studied. A general order for this purpose is submitted herewith."
*25 Panel One reported as follows:
"Defendants' Petition for Reconsideration has been carefully studied. The points urged therein appear to have merit and warrant more careful appraisal. It further appears that other issues may have to be re-evaluated.
"Accordingly, the defendants' Petition for Reconsideration is granted to enable the Panel to fully study and dispose of the matter. The cause may be set for further hearing should it appear necessary."
The commission then entered an order granting reconsideration.
[2] We think the matter before us is controlled by the decision of the Supreme Court in Goodrich v. Industrial Acc. Com., 22 Cal.2d 604, 612 [140 P.2d 405], wherein, after discussing the powers of respondent commission, the court said:
"After granting the petition of April 6, 1942, new evidence ... was received. Thereafter, the order of August 6, 1942, was made amending the order of May 23, 1941, to make the more explicit findings heretofore set forth ..., but denying compensation. It is true that that order of August 6, 1942, purported to affirm the order of May 23, 1941, but the commission could not in this manner deprive itself of jurisdiction to entertain a petition for a rehearing if it had such jurisdiction. The question is, therefore, whether the commission may entertain a petition for rehearing after making an order reopening a case and receiving and considering new evidence, which petition for rehearing is presented by the party upon whose petition the matter was reopened and further evidence taken, but comes to the same conclusion originally reached. It has power to entertain such a petition because it considered new and additional evidence, the decision therein is in effect a new decision on new facts, and the party although failing to prevail on the last occasion as he had on the first is entitled to a reconsideration by the commission of its opinion on the new evidence. The very purpose of a rehearing is to have a reconsideration of a matter which has been theretofore considered only on one occasion. The right to have a reconsideration of the case where new facts and evidence were produced on the rehearing was not considered in Crowe Glass Co. v. Industrial Acc. Com. [84 Cal. App. 287 (258 P. 130)], supra. That case proceeded upon the theory that there would be no end to the proceedings before the commission if successive rehearings could be entertained. Such situation does not exist where a losing party petitions for and obtains a rehearing on the ground of newly discovered *26 evidence, which evidence is produced and considered by the commission but results in the same conclusion. If the losing party again petitions for a rehearing, that is, a reconsideration of the evidence before the commission, in a case where no new evidence is presented, and it is denied, he cannot again petition for a rehearing, because the commission in such a case is not requested to reconsider new and different evidence."
[1b] The writs heretofore issued are discharged and the causes are remanded to the respondent commission for further proceedings.
Peek, J., and Schottky, J., concurred.