[Civ. No. 29857. First Dist., Div. Two. Mar. 22, 1972.]

EDWARD SOLOMON, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD, LEO LINDEN
LABORATORIES, INC., et al., Respondents.

**COUNSEL**

Levy & Van Bourg and Barry J. Williams for Petitioner.

Rupert A. Pedrin, Jon L. Gateley, Franklin Grady, Sheldon C. St. Clair, Marcel L. Gunther, Kendig, Stockwell, Gleason & Allen, Robert S. Goldberg and Donald N. Braun for Respondents.

**OPINION**

**TAYLOR, P. J.**—Petitioner, Edward Solomon, seeks review and annulment of a decision following reconsideration of the Workmen's Compensation Appeals Board that rescinded an award made by a referee.

Petitioner, a 41-year-old pharmaceutical helper and maintenance man employed by Leo Linden Laboratories, sustained an injury to his back on April 22, 1969, when, while standing on a pallet on an uplifted forklift machine unloading sugar sacks onto a platform, he fell through a space between the pallet and the platform onto the concrete floor. The injury allegedly resulted in a totally disabling post-traumatic neurosis.

Petitioner has not worked since he was terminated by his employer on May 21, 1969. He entered the Veterans Administration Hospital as an in-patient on September 17, 1969, and on October 5, 1970, when he was

examined by the medical examiner appointed by the board, he was still in the Veterans Hospital.

On June 12, 1970, after a hearing, a referee found that petitioner had sustained an injury to his back resulting in post-traumatic neurosis, and made an award of temporary disability beginning May 21, 1969, through April 23, 1970, and continuing thereafter, and further medical treatment.

The employer-carrier petitioned for reconsideration on the ground that the evidence did not support the findings. The board granted reconsideration, directed that petitioner be examined by another physician, and after further proceedings annulled the award of the referee, finding that the injury caused temporary total disability for the period May 21, 1969, through June 23, 1969; that petitioner was not in need of further medical treatment; and that the injury caused permanent disability of 13¼ percent.

In his petition for writ of review, petitioner contends 1) that the board's action in granting reconsideration upon application by the employer-carrier was arbitrary and an abuse of its discretion; 2) that the board failed to comply with section 5908.5 of the Labor Code in its decision granting reconsideration and in its decision following reconsideration; and 3) that the board's decision following reconsideration is not supported by substantial evidence.

Petitioner cites *Michon* v. *Workmen's Comp. App. Bd.,* 15 Cal.App.3d 917 [93 Cal.Rptr. 476], and *Redner* v. *Workmen's Comp. Appeals Bd.,* 5 Cal.3d 83, 92 [95 Cal.Rptr. 447, 485 P.2d 799], in support of the first contention. In *Michon,* the court held that the board *"exceeded its power* when, without cause, it granted the employer-carrier's petition which, itself, set forth no sufficient cause. A *court* does not have power to overturn its judgments and grant new trials capriciously. [Citations.] We hold arbitrary power is similarly denied the board" (p. 924). The Supreme Court agreed in *Redner, supra,* at page 92, holding that " 'the order granting reconsideration must be based upon one of the grounds specified in section 5903. Otherwise, workmen's compensation hearings could be tried over and over again.' "

In *Michon,* however, the record before the board contained only the uncontradicted testimony of a single doctor and the testimony supported the award; here, there is a *conflict* in the medical reports submitted (*Franklin* v. *Workmen's Comp. Appeals Bd.,* 18 Cal.App.3d 682, 685 [96 Cal.Rptr. 201]). In *Redner,* the court concluded that Labor Code section 5903, subdivision (c), which permits the board to grant reconsideration if the evidence does not *"justify"* the facts, grants the board "broad authority to correct injustices, but at the same time by definition inhibits an arbitrary

grant of reconsideration." The court in *Redner* cited *Rushing* v. *Workmen's Comp. App. Bd.*, 15 Cal.App.3d 517, 522 [96 Cal.Rptr. 756], where the medical evidence *was* in conflict, as a case clearly justifying reconsideration (Lab. Code, § 5701). (*Redner* v. *Workmen's Comp. Appeals Bd., supra,* pp. 92-93.) ■ We conclude that where medical evidence is in *conflict,* as it is here, the board does not exceed the powers granted to it under section 5903 of the Labor Code when it grants reconsideration to direct examination by a physician and to take additional evidence (*Rushing* v. *Workmen's Comp. App. Bd., supra,* pp. 521-522; *Gillette* v. *Workmen's Comp. Appeals Bd.,* 20 Cal.App.3d 312 [97 Cal. Rptr. 542, 97 Cal.Rptr. 893];[1] *Franklin* v. *Workmen's Comp. Appeals Bd., supra,* p. 685).

■ We agree with petitioner, however, that when the board *does* grant reconsideration, it must comply with section 5908.5 of the Labor Code, which provides that "Any *decision* of the appeals board *granting or denying* a petition for *reconsideration . . .* shall be in writing . . . and *shall state* the *evidence relied upon and specify in detail the reasons* for the decision." (Italics supplied; *Evans* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 753, 755 [68 Cal.Rptr. 825, 441 P.2d 633]).[2]

In *Ascough* v. *Workmen's Comp. Appeals Bd.,* 21 Cal.App.3d 248, 258-259 [98 Cal.Rptr. 357], the court noted that "Although the Board has considerable discretion in determining whether reconsideration should be granted [citation], it is also required in granting a petition for rehearing to 'state the evidence relied upon and specify in detail the reasons for the decision' so as to apprise the parties and the referee as to the basis for reconsideration. [Citation.] Defendants' petition was based upon a claim that the evidence did not support the referee's finding of 100 percent permanent disability and that petitioner should be examined by the Medical Bureau. Petitioner contended that the referee's finding was supported by substantial evidence. We do not think the Board's statement, 'After review of the record, the Board is of the opinion that reconsideration should be granted for examination of applicant and report by the Medical Bureau . . . ,

---

[1]The part of the *Gillette* opinion that is pertinent is contained in the court's "Opinion on denial of rehearing after decision," where the court states: "Here the referee's findings were supported by the only *cognizable* medical evidence. *There being no conflict,* the board's order of reconsideration was arbitrary and exceeded its authority." (Italics added.)

[2]The board may, however, when it *denies* a petition for reconsideration, incorporate and include within its order the report of the referee, provided the referee's report states the evidence relied upon and specifies in detail the reasons for the decision (*LeVesque* v. *Workmen's Comp. App. Bd.,* 1 Cal.3d 627, 635 [83 Cal.Rptr. 208, 463 P.2d 432]).

for such further proceedings as may thereafter be indicated in the record . . .' met the requirements of section 5908.5. . . ."

■ The employer-carrier in the instant case sought reconsideration based on the claim that a "preponderance of evidence" did not support the referee's findings. Petitioner contended that the referee's findings were supported by substantial evidence. In its order granting reconsideration, the board stated: "We are not completely satisfied with the medical evidence in the record at present as it pertains to the issues raised in the petition. In our opinion, an independent medical evaluation would be of assistance to us in resolving these issues. Reconsideration will be granted for the purpose of obtaining such an evaluation; for such further proceedings as may thereafter be indicated in the record; and for this Board's decision following reconsideration."

We conclude that the statements of the board in its order granting reconsideration that it is "not completely satisfied with the medical evidence in the record at present as it pertains to the issues raised in the petition," and that "an independent medical evaluation would be of assistance to us in resolving these issues," does not comply with section 5908.5 which requires that the board, in granting a petition for reconsideration *"state the evidence relied upon* and *specify in detail the reasons for the decision."*

■ Compliance with section 5908.5 in an order *granting* reconsideration is particularly significant when the referee has resolved a conflict in medical evidence in favor of an award, and the award, despite the conflict, is supported by substantial evidence. It is essential: 1) to apprise the parties and the referee of the basis for reconsideration, so that the parties will understand what new evidence or arguments they should present to the board (*LeVesque* v. *Workmen's Comp. App. Bd., supra,* p. 635, fn. 11) and 2), to "assist the reviewing court to ascertain the principles relied upon by the lower tribunal, to help that tribunal avoid careless or arbitrary action, and to make the right of appeal or of seeking review more meaningful" (*Evans* v. *Workmen's Comp. App. Bd., supra,* p. 755). ■ Noncompliance with section 5908.5 in a decision *granting* reconsideration is not cured by subsequent compliance therewith in a decision *following* reconsideration, for the section requires compliance in both instances.

The matter is remanded to the board, with directions to reconsider its decision after having taken the necessary procedure to comply with the

ruling in this opinion in regard to the application of section 5908.5 of the Labor Code.

Kane, J., and Rouse, J., concurred.

The petition of respondent Workmen's Compensation Appeals Board for a hearing by the Supreme Court was denied May 18, 1972.