[Civ. No. 30640. First Dist., Div. One. Aug. 28, 1972.]

DAVID L. ZOZAYA, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
FORD MOTOR COMPANY, Respondents.

**COUNSEL**

Thorne, Clopton, Herz & Stanek and Herbert S. Stanek for Petitioner.

Leonard & Thomas, Dawson B. Leonard and William R. Thomas for Respondents.

## OPINION

MOLINARI, P. J.—A writ of review was issued by this court for the purpose of reviewing an Opinion and Decision After Reconsideration of respondent Workmen's Compensation Appeals Board (hereinafter referred to as the "Board"), made on October 15, 1971, which decision awarded petitioner David L. Zozaya a permanent disability indemnity based on a permanent disability rating of 12 percent.

It is undisputed that petitioner was injured in the course of his employment for the Ford Motor Company (hereinafter referred to as the "employer"). The dispute centers around the nature and extent of the permanent disability suffered by petitioner.

When the matter came on for hearing the referee had before him the medical reports and testimony of Dr. LeRoi B. Gardner, Jr., the treating physician, and Dr. Charles A. Borgia, a physician who examined petitioner at the request of petitioner's attorney. In addition the referee heard the testimony of petitioner and a permanent disability rating specialist for the Board. Based upon his consideration of this evidence the referee issued his findings and award in which he found that petitioner's injury caused a permanent disability of 33¼ percent. The referee's opinion on decision stated that the factors comprising this disability were substantially supported by the testimony of Dr. Borgia.

Upon the petition of the employer the Board granted reconsideration of the referee's findings and award and ordered that said findings and award be set aside. Petitioner was then referred to Abraham B. Sirbu, M.D., an independent medical examiner. The medical examination referral indicated that the Board rendered its "Opinion and Decision After Reconsideration" in which it was stated that Dr. Sirbu's description of petitioner's disability was substantially the same as that outlined by the referee. Accordingly, the Board vacated that portion of its previous order granting reconsideration and adopted the referee's findings and award as its decision after reconsideration.

The employer then filed another petition for reconsideration contending that the Board erred in sustaining the referee's findings that the injury caused permanent disability of 33¼ percent. This petition asserted essentially that the disability described by Dr. Sirbu was materially different from that on which the rating of 33¼ percent was based. Upon the basis of this petition the Board granted reconsideration and vacated its opinion and decision after reconsideration. The Board thereupon requested that another permanent rating be made by the rating expert based upon Dr.

Sirbu's analysis. Pursuant to these instructions the rating expert reported a recommended rating of permanent disability of 12 percent. Leave was granted to petitioner to cross-examine the rating specialist. The referee assigned to preside over the cross-examination submitted his summary of the evidence to the Board. The Board then issued its opinion and decision after reconsideration in which it found that petitioner's injury caused a permanent disability of 12 percent and awarded petitioner a permanent disability indemnity based thereon.

The issue presented is whether the Board acted in excess of its powers in reducing the permanent disability award from the original 33¼ percent to 12 percent. In appraising this issue we first observe that the findings of the referee were filed on November 20, 1970. On December 3, 1970, during the 60-day period provided for in Labor Code section 5315[1] within which the Board was authorized to confirm, adopt, modify, or set aside the referee's findings, order, decision or award or to enter its own order, findings, decision or award upon the record in the case, the employer filed a petition for reconsideration.

Pursuant to the provisions of subdivision (a) of section 5900 any person aggrieved by any final order, decision, or award made by a referee may petition the appeals board for reconsideration in respect to any matters determined or covered by such order and specified in said petition. The petition must set forth specifically and in full detail the grounds upon which the petition is based and must contain a general statement of any evidence or other matters upon which the applicant relies (§ 5902); and the petition must be filed within 20 days after the service of any final order, decision or award made and filed by the referee. (§ 5903.) These requirements were complied with by the employer.

The grounds specified in the petition for reconsideration were three of the grounds specified in section 5903, i.e., (1) that the evidence does not justify the findings of fact; (2) that the findings of fact do not support the decision and award; and (3) that the Board has acted without and in excess of its powers. Essentially, the petition and the evidence alluded to in support thereof were predicated upon the assertion that the description of the disability given to the rating specialist by the referee exceeded the description given by Dr. Gardner and that of Dr. Borgia.

The description of the injury submitted to the rating expert which resulted in the permanent disability rating of 33¼ percent was as follows: "Back disability precludes repetitive bending and repetitive heavy lifting. Bilateral lower extremity injury with intermittent slight discomfort in the legs

---

[1]Unless otherwise indicated, all statutory references are to the Labor Code.

becoming moderate with repetitive squatting and precluding work involving repetitive stair-climbing or strenuous use of the extremities."

The foregoing description of disability was based on the testimony of Dr. Borgia. Dr. Gardner's report and testimony was to the effect that petitioner did not have any significant permanent disability and that the only permanent rating factors were: "1. Subjective complaints of minimal pain with prolonged bending, lifting and standing. 2. Small indentations in the thighs which are of minimal disability." Dr. Gardner testified that petitioner would have slight pain in his back with heavy work and that he would have some discomfort in his thighs with heavy work.

In his report and recommendation on the petition for reconsideration the referee stated as follows: "Certain comments of these physicians in the course of their testimony as excerpted by defendants would support their contention that the permanent disability rating is excessive. However, a full evaluation of these physicians' comments coupled with applicant's testimony substantially support the permanent disability awarded."

■ We observe here that where medical evidence is in conflict the Board does not exceed the powers granted to it under section 5908 when it grants reconsideration to direct examination by a physician and to take additional evidence. (*Rushing* v. *Workmen's Comp. App. Bd.*, 15 Cal.App. 3d 517, 521-522 [96 Cal.Rptr. 756]; *Franklin* v. *Workmen's Comp. Appeals Bd.*, 18 Cal.App.3d 682, 685 [96 Cal.Rptr. 201]; *Solomon* v. *Workmen's Comp. Appeals Bd.*, 24 Cal.App.3d 282, 286 [100 Cal.Rptr. 899].) Reconsideration may not, however, be granted without sufficient cause—it may not be granted arbitrarily or capriciously. (*Redner* v. *Workmen's Comp. Appeals Bd.*, 5 Cal.3d 83, 92 [95 Cal.Rptr. 447, 485 P.2d 799]; *Michon* v. *Workmen's Comp. App. Bd.*, 15 Cal.App.3d 917, 924 [93 Cal. Rptr. 476]; *Gillette* v. *Workmen's Comp. Appeals Bd.*, 20 Cal.App.3d 312, 321 [97 Cal.Rptr. 542, 97 Cal.Rptr. 893].) Thus, where there is no conflict in the medical evidence the appeals board exceeds its powers when it grants reconsideration. (*Michon* v. *Workmen's Comp. App. Bd.*, *supra*, at pp. 923-924; *Gillette* v. *Workmen's Comp. Appeals Bd.*, *supra*.)

■ In the present case there was a conflict between Dr. Gardner's and Dr. Borgia's evaluation of the nature and extent of petitioner's permanent disability. Moreover, the referee himself acknowledged that there was evidence supportive of the employer's claim that the disability rating was excessive. There was sufficient cause, therefore, to grant reconsideration on the grounds that the evidence did not justify the findings of fact and that the findings of fact did not support the decision and award.

Pursuant to the provisions of section 5906 the appeals board upon

granting reconsideration is authorized to direct the taking of additional evidence. In the instant case the Board exercised this power when it appointed Dr. Sirbu as an independent examiner. "After the taking of additional evidence and a consideration of all of the facts, the appeals board may affirm, rescind, alter, or amend the original order, decision, or award. . . ." (§ 5908.) In the present case the Board, following reconsideration, made a decision on May 12, 1971, vacating the order it had made as a part of the order granting reconsideration, which had annulled and set aside the referee's findings and award of November 20, 1970, and ordered that said findings and award be affirmed and adopted as the Board's "Decision After Reconsideration." This action was pursuant to the provisions of sections 5908 and 5908.5 which require that an order, decision or award made following reconsideration must be made by the appeals board.

On May 18, 1971, the employer filed another petition for reconsideration. This petition was filed within 20 days from the order made on May 12, 1971 affirming and adopting the referee's findings and award and therefore was timely filed as required by section 5903. We perceive, too, that the employer was entitled to file this petition for reconsideration since, within the meaning of section 5900, subdivision (a) it was a "person aggrieved directly" by any "final order, decision, or award made and filed by the appeals board . . . ." It should be observed here that the order made by the Board, which was encompassed in the decision after reconsideration made on May 12, 1971, was a final order and award made by the Board since, for the first time the Board affirmed and adopted the referee's findings and award.

The second petition for reconsideration was based on the following grounds specified in section 5903:

(1) The evidence does not justify the findings of fact; (2) the findings of fact do not support the decision or award; and (3) the Board has acted without and in excess of its powers. The petition incorporates the facts set forth in the employer's first petition for reconsideration filed on December 3, 1970. In addition, the petition alludes to evidence in support thereof predicated upon the assertion that the disability described by Dr. Sirbu differs materially from the disability on which the rating of 33¼ percent is based, and that the statement and determination made by the Board in its decision after reconsideration made on May 12, 1971, was incorrect when it stated that Dr. Sirbu's description of applicant's disability is substantially the same as that outlined by the referee in his findings and award.

Dr. Sirbu, in summarizing his examination of petitioner and in describing

his disability stated as follows: "I do not believe this man needs any treatment. He should be given a permanent disability rating for the residuals of a lumbosacral sprain. The factors are only subjective in nature and considered to be slight and impairing his ability to do heavy lifting. As far as the residuals in both anterior thighs are concerned, his symptoms are again purely subjective with the exception of the small palpable defects in the deep fascia. These are not considered disabling in themselves. However, his rating should include subjective discomfort on excessive squatting and climbing of stairs. I would rate his subjective complaints be slight on the left side and minimal on the right." The foregoing description of petitioner's disability by Dr. Sirbu was based, in part, upon petitioner's subjective complaints and his statement to him that "[petitioner] believes he can lift a little over 50 pounds himself without any aggravation of his back pain."

Although, at the time the Board rendered its decision after reconsideration on May 12, 1971, it concluded that Dr. Sirbu's description was substantially the same as that outlined by the referee in his findings and award, it is apparent that there was some conflict between the two. As pointed out by the employer in its second petition for reconsideration, Dr. Sirbu described the subjective complaints with respect to petitioner's thighs as "slight on the left side and minimal on the right" rather than "moderate" as described by the referee. Moreover, Dr. Sirbu did not preclude the repetitive stairclimbing or strenuous use of the extremities. We perceive, therefore, that at the time the second petition for reconsideration was filed the Board had before it conflicts between the reports of Dr. Sirbu and Dr. Borgia, as well as the conflicts presented by Dr. Gardner hereinabove alluded to.

■ The employer's second petition for reconsideration, therefore, alleged grounds and facts constituting sufficient cause for the granting of reconsideration. It should be noted here that the filing of the second petition for reconsideration by the employer did not do violence to the rule that an aggrieved party is entitled to but one petition for reconsideration. (See *Mustain* v. *State Industrial Acc. Com.*, 130 Cal.App. 447, 449 [19 P.2d 1031].) ■ It is also the rule that where reconsideration is granted and new evidence is considered the appeals board may properly entertain another petition for reconsideration. (*Pac. Employers Ins. Co.* v. *Ind. Acc. Com.*, 139 Cal.App.2d 22, 25-26 [292 P.2d 903]; *Goodrich* v. *Ind. Acc. Com.*, 22 Cal.2d 604, 612 [140 P.2d 405].) In such a case the very purpose of the second petition for reconsideration is to have a reconsideration of a matter, i.e., the new evidence, which has theretofore been considered on one occasion. (*Goodrich* v. *Ind. Acc. Com.*, *supra.*)

Here the new evidence was that presented by Dr. Sirbu and the employer was requesting a reconsideration of new and different evidence from that upon which it had asked for reconsideration in its first petition for reconsideration. In granting reconsideration the Board was required, however, to comply with the provisions of section 5908.5 which requires that the appeals board, in granting a petition for reconsideration, "shall state the evidence relied upon and specify in detail the reasons for the decision." Here, the Board, in making its order granting reconsideration, stated therein as follows: "The Board, after reviewing the record, is of the opinion that reconsideration should be granted for further evaluation of the nature and extent of the disability sustained by applicant as a result of the injury herein . . . ." Such statements have been held not to comply with section 5908.5. (*Evans* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 753, 755 [68 Cal.Rptr. 825, 441 P.2d 633]; *Solomon* v. *Workmen's Comp. Appeals Bd., supra,* 24 Cal.App.3d 282, 287; see *Lundberg* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 436, 441 [71 Cal.Rptr. 684, 445 P.2d 300]; *Gillette* v. *Workmen's Comp. Appeals Bd., supra,* 20 Cal.App.3d 312, 321.) As observed in *Gillette,* the effect of such statements is a "declaration of an intent to retry the matter." (At p. 321.) It does not serve to satisfy compliance with section 5908.5 since it does not apprise the parties and the referee of the basis for reconsideration in order to permit them to understand what new evidence or arguments they should present to the appeals board nor do they assist the reviewing court in ascertaining the principles relied upon by the appeals board. (*Solomon* v. *Workmen's Comp. Appeals Bd., supra;* see *Le Vesque* v. *Workmen's Comp. App. Bd.*, 1 Cal.3d 627, 635, fn. 11 [83 Cal.Rptr. 208, 463 P.2d 432]; *Evans* v. *Workmen's Comp. App. Bd., supra.*)

In *Solomon* it was also held that the above-noted deficiency in the decision granting reconsideration is not cured by the decision following reconsideration because section 5908.5 requires compliance in both instances. (24 Cal.App.3d at p. 287.) We may not, therefore, look to the "Opinion and Decision After Reconsideration" filed on October 15, 1971, i.e., the order, decision and award appealed from in the instant case, to cure the subject deficiency. █ Accordingly, the order, decision and award appealed from, as well as the underlying order granting reconsideration filed on June 8, 1971, must be annulled.[2]

---

[2]We observe that the "first" order granting reconsideration made on December 30, 1970, was subject to the same deficiency. That order provided, in pertinent part, as follows: "The Board, after reviewing the record, has concluded that an independent medical evaluation would be helpful to it in making a determination as to the nature, extent and cause of applicant's disability. Reconsideration will be granted for the purpose of obtaining such additional medical evidence and for such further proceedings as the Board may thereafter deem to be appropriate." The time to review said

The annulment of the decision granting reconsideration nullifies the proceedings taken subsequent thereto since such proceedings are dependent on said order. The said annulment is required because the Board did not regularly pursue its authority. The Board, however, does retain jurisdiction because it acted on the petition for reconsideration within the 30-day period set forth in section 5909.[3] (See *Evans* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d 753, 755.) A new decision may therefore be issued by the Board in compliance with section 5908.5. (See *Evans* v. *Workmen's Comp. App. Bd., supra; Solomon* v. *Workmen's Comp. Appeals Bd., supra,* 24 Cal.App.3d 282, 287-288.) That decision may, in the Board's discretion, be based upon the proceedings that led to the "Opinion and Order Granting Reconsideration" filed on June 8, 1971. (*Evans* v. *Workmen's Comp. App. Bd., supra;* see *Associated Freight Lines* v. *Public Utilities Com.,* 59 Cal.2d 583, 585 [30 Cal.Rptr. 466, 381 P.2d 202].)

The "Opinion and Order Granting Reconsideration," filed on June 8, 1971, and the "Opinion and Decision After Reconsideration," filed on October 15, 1971, are annulled. The matter is remanded to the Board with directions to reconsider the "Petition for Reconsideration" filed by the employer on May 18, 1971, and to base a new order thereon in compliance with section 5908.5.

Sims, J., and Elkington, J., concurred.

---

order as well as the order granting reconsideration expired on June 11, 1971. (§ 5950.) Petitioner was apparently willing to waive any deficiency in the order granting reconsideration since the final decision after reconsideration was in his favor. Petitioner did not seek a review of said orders and they are, therefore, not subject to attack on this appeal with respect to subsequent orders. (See *Thaxter* v. *Finn,* 178 Cal. 270, 273-274, 278 [173 P. 163].)

[3]Section 5909, in pertinent part, provides: "A petition for reconsideration is deemed to have been denied by the appeals board unless it is acted upon within 30 days from the date of filing."