[Civ. No. 33691. First Dist., Div. Three. Sept. 18, 1974.]

JERRY SABEDRA, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
COMMERCIAL TIRE SERVICE et al., Respondents.

## Counsel

Morgan, Beauzay & Hammer, Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka and Robert T. Bledsoe for Petitioner.

Charles Lawrence Swezey, Thomas J. McBirnie, T. Groezinger, James J. Vonk, George S. Bjornsen, W. R. Lowndes, Frank H. Batlin and Philip M. Miyamoto for Respondents.

## Opinion

**DRAPER, P. J.**—Applicant's petition for writ of review was denied by this court May 22, 1974. The Supreme Court granted petition for hearing, and directed us to issue a writ to be heard before us. We accordingly issued the writ, and heard oral argument upon the merits. The Supreme Court's order directed our attention to two decisions (*Solomon* v. *Workmen's Comp. Appeals Bd.*, 24 Cal.App.3d 282 [100 Cal.Rptr. 899]; *Zozaya* v. *Workmen's Comp. Appeals Bd.*, 27 Cal.App.3d 464 [103 Cal. Rptr. 793]). The cited cases deal with the adequacy of orders granting reconsideration under the statute (Lab. Code, § 5908.5) prescribing the form of an order granting reconsideration. Thus only the like issue is before us here.

Section 5908.5 provides: "Any decision of the appeals board granting or denying a petition for reconsideration . . . shall be made by the appeals board and not by a referee and shall be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision."

Here, findings and award issued upon a referee's determination that applicant's permanent partial disability was 78 percent. The employer and its insurance carrier petitioned for reconsideration. The referee recommended denial, but the board granted reconsideration and directed the appointment of an independent medical examiner for evaluation of the nature and extent of applicant's disability. That medical examiner found applicant not to be limited to sedentary work, but to be precluded only from heavy lifting, repetitive bending and stooping. The board thereafter issued its order fixing applicant's permanent disability at 36¾ percent.

Applicant first contends that conflict in the medical evidence is not a proper ground for grant of reconsideration. That contention is flatly rejected by the very cases cited to us by the Supreme Court (*Solomon* v. *Workmen's Comp. Appeals Bd., supra,* 24 Cal.App.3d at p. 286).

■  The real question raised by applicant is whether the order granting reconsideration does "state the evidence relied upon and specify in detail the reasons for the decision."

In *Solomon,* the order granting reconsideration stated only that " 'We are not completely satisfied with the medical evidence in the record at present as it pertains to the issues raised in the petition. In our opinion, an independent medical evaluation would be of assistance to us in resolving these issues.' " (P. 287.) In *Zozaya* the order read: " 'The Board, after reviewing the record, is of the opinion that reconsideration should be granted for further evaluation of the nature and extent of the disability sustained by applicant as a result of the injury herein . . .' " Each of these orders falls far short of the requirement of section 5908.5 because "it does not apprise the parties and the referee of the basis for reconsideration in order to permit them to understand what new evidence or arguments they should present to the appeals board nor do they assist the reviewing court in ascertaining the principles relied upon by the appeals board." (*Zozaya, supra,* 27 Cal.App.3d at p. 471.)

Here, in contrast, the order granting reconsideration reads: "The Board, after reviewing the record, notes that there is a conflict in the opinions expressed by Ralph Pietrobono, M.D., James E. Sullivan, D.C. and Arthur L. Messinger, M.D. as to the extent of applicant's disability. Dr. Pietrobono

and Dr. Sullivan have concluded that applicant is limited to sedentary work, while Dr. Messinger opines that applicant is only precluded from heavy lifting and has sustained a loss of one-half of his pre-injury capacity for lifting, bending and stooping.

"From its review, the Board is of the opinion that the medical evidence currently in the file does not provide an entirely satisfactory basis for a just and equitable decision on the issue of the nature and extent of applicant's disability. Under the circumstances, the Board considers this an appropriate case in which to exercise its discretion to direct an independent medical evaluation."

If we look only to the second paragraph, the order is indistinguishable from those held inadequate in *Solomon* and *Zozaya*.

But the first paragraph specifically discusses the three medical reports upon which the referee's recommendation was based. It points out that they differed as to the extent of applicant's disability in that two doctors' reports (naming the doctors) deemed applicant "limited to sedentary work," while one (also named) considered him "only precluded from heavy lifting (plus) a loss of one-half of his pre-injury capacity for lifting, bending and stooping." As was well known to all parties and the board, the percentage of disability varies as between these two types of limitation.

The issue clearly pinpointed is whether applicant is limited to sedentary work, or merely precluded from heavy lifting and excessive lifting, bending and stooping. Thus the parties and the referee are amply "apprised of the basis for reconsideration in order to permit them to understand what new evidence or arguments they should present."

At oral argument here, applicant substantially conceded the adequacy of the order in this respect, but argued that it "fails to state in detail the reasons for the decision" granting reconsideration and directing reference to an independent medical examiner, i.e., the board should have given some detailed reason for refusing to accept the referee's view that the reports of Drs. Pietrobono and Sullivan should be preferred over that of Dr. Messinger. But to do so would have resolved the very conflict which the board felt it could not determine from the face of the three reports, and have eliminated all need for the further independent medical examination which it was the purpose of the order to secure. The board's power to seek independent medical evaluation is undisputed. Recourse to such examination is frequently exercised for the purpose of aiding in resolution of conflicts. But to require expression of a preference between existing conflicting medical reports would defeat the very purpose of

seeking additional evidence. If the then existing reports had warranted final decision by the board, there was no need for such additional evaluation. The board stated clearly that it found the mere reading of the reports inadequate to permit a satisfactory resolution of the conflict upon the single issue pinpointed by the order. It was this adequately expressed doubt which was the reason for the order.

We recognize that the board felt unable to accept, on the record before it, the referee's conclusion that the reports of Drs. Pietrobono and Sullivan should be accorded the determinative weight. We are well aware that a referee's finding of compensable injury "is to be accorded great weight by the Board and should be rejected only on the basis of contrary evidence of considerable substantiality" (*Lamb* v. *Workmen's Comp Appeals Bd.*, 11 Cal.3d 274, 281 [113 Cal.Rptr. 162, 520 P.2d 978]). No issue of "compensable injury" is here presented, since the board and the referee agree that the injury is compensable, and the only issue is as to the degree of disability. *Lamb*, however, does not purport to strike down the statutory authority of the board to "affirm, rescind, alter or amend the order, decision or award made and filed by the appeals board or referee" (Lab. Code, § 5907). The power of the board to "choose among conflicting medical reports those which it deems most persuasive" is unquestioned (*Jones* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 476, 479 [67 Cal.Rptr. 544, 439 P.2d 648]; see also *Buescher* v. *Workmen's Comp. App. Bd.*, 265 Cal.App.2d 520, 529 [71 Cal.Rptr. 405], and cases there cited). Nor, on the face of the Messinger report, can we say that it is not of "considerable substantiality."

We conclude that the opinion and order on petition for reconsideration, unlike those discussed in *Solomon* and *Zozaya*, does comply with the requirements of section 5908.5. There is no separate attack upon the opinion and order after reconsideration and receipt of the additional medical report.

The award is affirmed.

Brown (H. C.), J., and Coughlin, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 13, 1974. Sullivan, J., did not participate therein. Mosk, J., was of the opinion that the application should be granted.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.