Filed 8/1/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| MICHELE EARLEY et al., | B318842 |
| Petitioners, | (W.C.A.B. Nos. ADJ4430885, |
| v. | ADJ11016330, ADJ10047707, |
| WORKERS' COMPENSATION APPEALS BOARD, | ADJ9372475, ADJ11934915, ADJ11733861) |
| Respondent. | |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA et al., | |
| Real Parties in Interest. | |


ORIGINAL PROCEEDING in mandate to the Workers' Compensation Appeals Board. Petition granted.

Thomas F. Martin; The Rondeau Law Firm and Charles R. Rondeau for Petitioners.

Mokri Vanis & Jones and Eric J. Danowitz for Amtrust North America, Farmers Insurance Exchange, Insurance

Company of the West and Liberty Mutual Insurance Group as Amici Curiae on behalf of Petitioners.

Brissman & Nemat, Best Best & Krieger, Mona Nemat; Litigation and Consulting Associates and Timothy I. Mulcahey for Mesa Pharmacy, Inc., as Amicus Curiae on behalf of Petitioners.

Anne Schmitz and Allison J. Fairchild for Respondent.

No appearance for Real Parties in Interest.

_____

We invalidate a longstanding practice of the Workers' Compensation Appeals Board (Board) in ruling on petitions for reconsideration.

A party to a workers' compensation proceeding can petition the Board for reconsideration if that party is unhappy with the ruling of either a workers' compensation judge or the Board itself. By statute, the Board must act upon such petitions *within 60 days*. To satisfy this requirement, the Board often grants petitions for purposes of further study without first deciding whether reconsideration is actually warranted. Later— sometimes many months after the petition for reconsideration was filed—the Board issues a decision on the merits affirming, reversing, or modifying the ruling at issue.

Five Petitioners correctly argue the Board's grant-for-study procedure is an unauthorized way to extend the 60-day deadline. A statute requires the Board to make a reasoned decision when granting reconsideration. The Board may not simply grant reconsideration for the purpose of further study. We therefore issue a writ of mandate requiring the Board to cease its grant-for-

2

study procedure and to comply with the statute when granting reconsideration.

We also hold that the Board is not required to issue a *final* ruling on the merits within 60 days. Statutory language negates the Petitioners' argument to the contrary.

Section citations are to the Labor Code.

## I

We lay out some facts.

## A

The Petitioners are Michele Earley, Ashraf Gorgi, Hyun Sook Lee, Roman Hernandez Aguilar, and Jose Flores Campos. Each is a claimant in a workers' compensation proceeding. In each case, the Board issued a grant-for-study order.

The Petitioners' grant-for-study orders arose in different situations with different timelines. In Earley's case, the employer sought reconsideration of an order by the workers' compensation judge that granted reimbursement for some self-procured medical treatment. The Board issued its grant-for-study order on June 29, 2020. Gorgi sought reconsideration of an order finding that only one injury was work related. The Board issued its grant-for-study order on August 4, 2021. Lee's employer petitioned for reconsideration from an award of 100 percent permanent disability. The Board issued its grant-for-study order on September 10, 2021. In Aguilar's and Flores's cases, the employer sought reconsideration of an order that found Aguilar and Flores to be employees. The Board issued its grant-for-study order on September 24, 2021.

The cases are different but the Board's orders were exactly the same:

3

"Taking into account the statutory time constraints for acting on the petition, and based upon our initial review of the record, we believe reconsideration must be granted to allow sufficient opportunity to further study the factual and legal issues in this case. We believe that this action is necessary to give us a complete understanding of the record and to enable us to issue a just and reasoned decision. Reconsideration will be granted for this purpose and for such further proceedings as we may hereafter determine to be appropriate."

The uniform language of these orders reveals a standard form and not particularized analyses.

When Petitioners filed their petition in this court, the Board had not yet issued a decision in any of their cases. However, the Board issued final rulings in each case after Petitioners initiated this writ proceeding and before the Board filed its initial response to Petitioners' Petition. The time between the filing of the grant-for-study orders and the Board's final decisions ranged from five to 21 months.

B

The Board explained its grant-for-study procedure. It generally tries to identify significant cases or those requiring en banc review, and cases involving complicated or novel issues. It was able to trace the history of this practice to the 1950's; an earlier origin existed but is lost in time. The Board surmised the grant-for-study procedure "evolved naturally" from 1913 statutes that allowed the Industrial Accident Commission (a precursor to the Board) either to grant or to deny rehearing and thereafter to issue a decision after rehearing.

The Board decides most petitions for reconsideration within 60 days. However, the Board issued grant-for-study orders in

4

about 19 percent of cases from 2015 to 2019 and in about 38.5 percent of cases in the pandemic-affected years of 2020 and 2021.

According to the results of a public records request that Petitioners served on the Board, as of November 2, 2021, there were 543 workers' compensation cases awaiting a final decision in which the Board had issued a grant-for-study order between October 1, 2018 and October 1, 2021.

## II

The Board must comply with section 5908.5 when it orders reconsideration. That is, the Board must state in detail the reasons for its decision and the evidence supporting it. Those reasons must be based on the grounds identified in section 5903. The Board need not, however, issue a *final* order within 60 days. The review necessary to support a decision to grant a petition for reconsideration within 60 days does not involve the same burden as the preparation of a final ruling. The Board must engage in the analysis necessary to permit a reasoned decision as to whether reconsideration is warranted based upon the factors identified in section 5903 and the evidence in the particular case. The Board then can decide whether to affirm, to modify, or to vacate the order at issue after further consideration and a more thorough review of the record.

At oral argument, the Board assured us it carefully reviews the cases in which it decides to issue a grant-for-study order. A careful review is not enough. Section 5908.5 requires the Board to go a step further and to explain in its order granting reconsideration why it made the decision to grant reconsideration based upon the evidence in the particular case.

We proceed in three steps. First we discuss mootness. Second, we show section 5908.5 requires the Board to explain its

reasons for granting reconsideration and to identify the evidence supporting its decision.  Third, we reject the Petitioners' claim that the Board must reach a final decision within 60 days.

A

A writ of mandate to the Board is proper to compel it to perform acts required by law.  (Code Civ. Proc., § 1085, subd. (a); § 5955; *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1046.)  A petitioner must show the Board has a clear duty and the petitioner has a beneficial right to have the Board perform that duty.  (*Santa Clara County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539–540 (*Santa Clara County*).)

The petition now is moot because the Board has issued final rulings in each case.  Yet we may consider moot issues that are of public interest, that are capable of repetition, and that may evade review.  (*Smith v. Superior Court* (2020) 52 Cal.App.5th 57, 68.)  This issue is of public interest and is likely to recur.  The issue also can evade review if the Board repeats what it has done here:  issue a final ruling after a party seeks writ review.  We thus consider this petition.

B

Section 5908.5 requires the Board to explain its reasons for granting reconsideration and to identify the evidence supporting its decision.  The statute is clear.  The Board must obey it.

This section states:

*"Any decision of the appeals board granting or denying a petition for reconsideration* or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a workers' compensation judge and shall be in writing, signed by a majority of the appeals board members assigned thereto, and *shall*

6

*state the evidence relied upon and specify in detail the reasons for the decision.*"  (§ 5908.5, italics added.)

The Board's reasons must be based on the grounds identified in section 5903.  (*Hall v. Workers' Comp. Appeals Bd.* (1986) 179 Cal.App.3d 850, 856 (*Hall*).)  Section 5903 specifies grounds for rehearing a case, including that the  Board acted in excess of its powers and so forth.

Cases applying section 5908.5 recognize that a decision of the Board granting or denying a petition for reconsideration must state the evidence relied upon and must specify in detail the reasons for the decision.  (See *Le Vesque v. Workers' Comp. Appeals Bd.* (1970) 1 Cal.3d 627, 634–635 & fn. 11 (*Le Vesque*); *Evans v. Workmen's Comp. Appeals Bd.* (1968) 68 Cal.2d 753, 754–755 (*Evans*); *Hall, supra*, 179 Cal.App.3d at pp. 858–859; *Zozaya v. Workmen's Comp. Appeals Bd.* (1972) 27 Cal.App.3d 464, 471, fn. 2, 472 (*Zozaya*); *Solomon v. Workmen's Comp. Appeals Bd.* (1972) 24 Cal.App.3d 282, 284–286 (*Solomon*).)

The Board's grant-for-study orders in these cases fell short. These orders gave no reason for granting reconsideration other than a boilerplate statement that further study is necessary "based upon our initial review of the record."  A rubber stamp could have authored these statements.

In response to this court's order to show cause, the Board explicated, not the governing section 5908.5, but a different section:  section 5909, which states "[a] petition for reconsideration is deemed to have been denied by the appeals board unless it is acted upon within 60 days from the date of filing."  This point carries no force.  Section 5908.5 sets the requirements for *a decision*.  Section 5909 explains the consequence of *no decision*.  (Cf. *Evans, supra*, 68 Cal.2d at p. 755

7

[purpose of § 5908.5 is to help the Board avoid careless or arbitrary action, to show reviewing courts the principles the Board relied upon, and to make the right of review more meaningful].)  Section 5909 does not apply here because in each of these cases the Board rendered some decision, not no decision.

The Board does not claim that its standard grant-for-study order complies with section 5908.5.  Rather, its defense of the grant-for-study procedure focuses on the long tenure of the procedure and the claimed impossibility of issuing a reasoned order in all cases.  But a long-standing and incorrect procedure remains incorrect.  And a claim that compliance is impossible is in essence a plea for more funding.  This claim is misdirected because the Court of Appeal is not the entity setting the Board's budget.

At oral argument, the Board also suggested that section 5908.5 serves no useful function when the Board grants reconsideration for further review without the expectation of any additional evidence or argument from the parties.  Section 5908.5 does not contain any exception for that situation, however, and the Board does not have the authority to ignore the statute.  The Board's argument also ignores the reasons our Supreme Court identified in *Evans* for the existence of section 5908.5.  Even if the Board does not order additional evidence, identifying the reasons for reconsideration assists the parties in deciding whether to challenge the Board's decision to grant reconsideration through a petition for a writ of mandate, and helps the reviewing court if such a petition is filed.  And requiring the Board to explain its reasons helps to ensure that the Board grants a petition for reconsideration only in circumstances permitted by section 5903.

8

In addition to the plain language of section 5908.5, Petitioners suggest another reason why the Board's grant-for-study procedure is improper. Petitioners argue the grant-for-study practice is an "underground" rulemaking procedure that does not comply with the California Administrative Procedure Act (Gov. Code, § 11340 et seq.). At oral argument, Petitioners conceded a decision on this point would merely be an alternative holding. It is unnecessary to reach this argument.

C

Contrary to the Petitioners' further argument, the Board is not required to issue a final ruling on the merits within 60 days.

The Petitioners maintain that reading sections 5909 and 5315 together means the Board must finally resolve a petition for reconsideration within 60 days. Statutory text invalidates this proposed interpretation. We turn to that text.

We repeat our quotation of section 5909:

"A petition for reconsideration is deemed to have been denied by the appeals board unless it is acted upon within 60 days from the date of filing."

This section does not state the Board must issue a final decision on the merits of a petition within 60 days.

Next we quote the other provision on which Petitioners rely, section 5315:

"Within 60 days after the filing of the findings, decision, order or award, the appeals board may confirm, adopt, modify or set aside the findings, order, decision, or award of a workers' compensation judge and may, *with or without further proceedings*, and with or without notice, enter its order, findings, decision, or award based upon the record in the case." (Italics added.)

9

The fact that "further proceedings" are permissible before the Board enters its own order means that the initial order setting aside the workers' compensation decision need not be final.  (§ 5315.)

Case law aligns on this point.

An order granting reconsideration may "set aside" a workers' compensation judge's decision without substituting the Board's own ruling.  For example, in *Zozaya*, the Board initially issued an order granting reconsideration of a referee's findings and award "and ordered that said findings and award be set aside."  (*Zozaya, supra*, 27 Cal.App.3d at p. 466.)  Then, after an additional medical examination, the Board issued a " 'Decision After Reconsideration' " vacating its earlier order and affirming and adopting the referee's original findings and award.  (*Id.* at p. 469.)

Other sections within the statutory scheme, and the cases interpreting them, also make clear that a separate ruling on the merits may follow an initial order granting reconsideration.  Section 5906 states that, "[u]pon the filing of a petition for reconsideration, or having granted reconsideration upon its own motion, the appeals board may, *with or without further proceedings* and with or without notice affirm, rescind, alter, or amend" a workers' compensation judge's order "on the basis of the evidence previously submitted in the case, or may grant reconsideration *and direct the taking of additional evidence.*"  (Italics added.)  Both the reference to further proceedings and the taking of additional evidence show that the initial order granting reconsideration need not be the final order.  (See also *Zozaya, supra,* 27 Cal.App.3d at pp. 468–469 [noting that, in appointing

an additional medical examiner after granting reconsideration, the Board acted within the scope of § 5906].)

Section 5908 permits a final ruling affirming, rescinding, altering, or amending the original order that is made "[a]fter the taking of additional evidence and a consideration of all of the facts." And section 5908.5 imposes the requirement of a reasoned ruling both on the initial decision "granting or denying a petition for reconsideration" and a subsequent order "following reconsideration."

Section 5907 gives the Board the *authority* to issue a final ruling when it grants reconsideration, but it does not require it to do so. That section states that "[i]f, at the time of granting reconsideration, it appears to the satisfaction of the appeals board that no sufficient reason exists for taking further testimony, the appeals board may affirm, rescind, alter, or amend" the workers compensation judge's decision, and "may" without further proceedings or notice "enter its findings, order, decision, or award based upon the record in the case." Section 5907's use of the volitional term "may" does not preclude the Board from issuing a later, final decision on the merits after reconsideration even without additional evidence. That reading is consistent with section 5906, which, as mentioned, permits "further proceedings" after granting reconsideration followed by a final order "on the basis of the evidence previously submitted in the case."

Petitioners argue that the references in the governing statutes to "further proceedings" concerns those situations where additional evidence is necessary. Petitioners assert that, when sections 5906 and 5907 are read together, they mean that the Board may only act as an "appellate tribunal," and in that

11

capacity must "either grant or deny reconsideration based upon the existing evidentiary record or . . . order further development of the record if deemed necessary *at the trial level*." Petitioners claim that another petition for reconsideration would then be necessary following additional evidence and further proceedings before the workers' compensation judge.

That interpretation cannot be reconciled with the statutory language for three reasons.

First, as noted above, section 5908.5 itself contemplates a two-step procedure that involves first granting a petition for reconsideration and then ruling on the merits. Otherwise, there would be no need to distinguish a decision "*granting or denying* a petition for reconsideration" and a decision "affirming, rescinding, altering, or amending the original findings, order, decision, or award *following reconsideration*." (§ 5908.5, italics added.) In *Le Vesque,* our Supreme Court recognized these two steps in explaining that the requirements of section 5908.5 must be met at each stage: "In granting a petition for reconsideration, . . . the appeals board should comply with section 5908.5 in order to apprise the parties and the referee as to the basis for reconsideration. . . . [I]f the appeals board complies with section 5908.5, the parties will understand what new evidence or arguments they should present upon reconsideration. [Citation.] If the appeals board grants reconsideration, and without taking further evidence, affirms, rescinds, or amends the original award [citations], *Evans* requires full compliance with section 5908.5." (*Le Vesque, supra,* 1 Cal.3d at p. 635, fn. 11.)

Second, section 5906 permits a two-step procedure even when the Board issues a ruling on the existing evidence. That

12

section states that, "[u]pon the filing of a petition for reconsideration," the Board "may, *with or without further proceedings . . .* affirm, rescind, alter, or amend the order, decision, or award made and filed by the appeals board or the workers' compensation judge *on the basis of the evidence previously submitted in the case*, or may grant reconsideration and direct the taking of additional evidence." (§ 5906, italics added.) The reference to further proceedings even when the Board makes a final ruling based upon the existing evidence means the Board may grant reconsideration and later issue a ruling on the merits even if it takes no additional evidence.

Third, as noted above, by using the word "may," section 5907 permits the Board to enter a final order at the time it grants reconsideration, but it does not require the Board to do so.

Cases recognize that a separate and final ruling on the merits may follow an order granting reconsideration. (See, e.g., *Le Vesque, supra,* 1 Cal.3d at pp. 633–634; see also *Zozaya, supra,* 27 Cal.App.3d at pp. 468–469 [ruling on the merits issued almost six months after the order granting reconsideration]; *Solomon, supra,* 24 Cal.App.3d at p. 287 [holding that noncompliance with section 5908.5 in a decision granting reconsideration is not cured by subsequent compliance in a decision following reconsideration]; *Urlwin v. Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 466, 469–470 [decision after reconsideration violated § 5908.5 by purporting to incorporate the petition for reconsideration].)

Our Supreme Court has also explained that "[t]here is no provision in chapter 7, dealing with proceedings for reconsideration and judicial review, limiting the time within which the commission may make its decision on reconsideration,

13

and in the absence of a statutory limitation none will be implied."
(*Gonzales v. Industrial Acci.* (1958) 50 Cal.2d 360, 364.)
Petitioners argue that this statement in *Gonzales* is dicta; we
disagree and read the statement as necessary to the ruling but
would count it as compellingly persuasive authority even were it
a dictum. (*Hubbard v. Superior Court* (1997) 66 Cal.App.4th
1163, 1169 [intermediate appellate court justices should follow
Supreme Court dicta].)

Our Supreme Court has also recognized the Board's
authority to issue a final ruling that addresses issues not
included in its initial grant of reconsideration. In *Argonaut Ins.
Exchange v. Industrial Acci. Comm.* (1958) 49 Cal.2d 706, a
referee approved a compromise and release that awarded a death
benefit to a deceased worker's survivors after increasing the
stipulated amount of attorney fees. The Board granted
reconsideration on its own motion to review the attorney fee
decision. In a later "decision after reconsideration," the Board
substituted its own findings on the amount of the death benefit.
In affirming the Board's decision, the court explained, though the
commission decided to reconsider the case because of the attorney
fees, its reconsideration was not limited to this issue. "The
commission was not required to take further evidence (Lab. Code,
§§ 5906, 5907) and it could redetermine the case upon the
existing record pursuant to its statutory powers. (Lab. Code,
§§ 5900, subd. (a), 5903.)" (*Argonaut*, at p. 711.)

This holding shows that the Board may initially grant
reconsideration and later issue a ruling on the merits
determining any issues that the Board has the statutory power to
decide, without additional proceedings and without ordering
additional evidence.

14

For these reasons, we also reject Petitioners' request at oral argument that we interpret the term "acted upon" in section 5909 to require some final action on a petition for reconsideration within 60 days. Section 5909 simply requires that the Board "act[ ] upon" a petition for reconsideration within 60 days by granting or denying the petition, not by finally deciding the merits.

III

Petitioners seek an award of attorney fees under Code of Civil Procedure section 1021.5. Such an award requires Petitioners to show that they were a "successful party," and also that (1) their petition conferred a "significant benefit" on the general public or a large class of persons; (2) an attorney fee award is appropriate in light of "the necessity and financial burden of private enforcement;" and (3) in the interest of justice their fees should not be paid out of Petitioners' recovery, if any. (*Ibid.*) Because this is an original proceeding, this court must decide whether Petitioners are entitled to fees under this standard and, if so, the amount. (See *Cruz v. Superior Court* (2004) 120 Cal.App.4th 175, 191.)

Petitioners were partially successful but did not obtain all the relief they sought. Petitioners successfully challenged the lawfulness of the Board's current grant-for-study practice, resulting in an order that will require the Board to comply with section 5908.5 when it grants reconsideration. They did not achieve their aim of requiring the Board to issue final rulings on petitions for reconsideration within 60 days.

The relief that Petitioners obtained will confer a significant benefit on people who obtain a favorable workers' compensation ruling that is then challenged through a petition for

15

reconsideration. The requirement that the Board state the reasons for granting reconsideration and the evidence on which it relies will permit the parties in such cases to determine whether to challenge the Board's reasons in a petition for a writ of mandate. And it will ensure that the Board has granted reconsideration only after itself determining that its order is based on the grounds identified in section 5903 and justified by specific evidence in the case.

Private enforcement here was both valuable and burdensome. Moreover, prosecution of this writ proceeding provides a public benefit beyond the compensation that Petitioners' counsel will receive from Petitioners' workers' compensation cases.

We reject the Board's argument that Petitioners are not entitled to fees because a petition for a writ of mandate was not a procedurally proper way to require the Board to comply with section 5908.5. Contrary to the Board's claim, Petitioners and other parties affected by noncompliant orders do not have an adequate legal remedy. Such parties may file a petition for review only after the Board has issued a final order. A reviewing court's finding at that point that the Board failed to comply with section 5908.5 in granting reconsideration could do no more than nullify the proceedings following the grant of reconsideration. (See *Zozaya, supra,* 27 Cal.App.3d at pp. 471-472.) Such a finding would simply add delay. It would not require a timely justification of the need for reconsideration, and it would not direct compliance in future cases.

Petitioners meet the statutory requirements for an award of attorney fees under Code of Civil Procedure section 1021.5.

16

We reduce the requested $221,554.50 in fees by one half because Petitioners' success was only partial. (See *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 989-990.)

The time and effort that Petitioners devoted to investigation and briefing of their petition can be divided into the time before this court's order to show cause—when Petitioners sought only unsuccessful relief—and the time after the order to show cause, when they were ultimately successful on the issue we identified for briefing.

Substantively and procedurally, these two segments of the proceeding roughly comprise two halves. Before the order to show cause, Petitioners researched and prepared their petition and a reply to the Board's letter response. After the order, Petitioners filed a reply to the Board's formal response, presented oral argument, and, at this court's request, briefed their request for attorney fees. Petitioners' counsel who argued the case declared he devoted the bulk of his time on arguments in this court to filings before the order (about 118 hours), compared to 37.5 hours on post-order arguments. However, some portion of the time spent in preparation of the petition (such as legal research and preparation of the public records request to obtain grant-for-study data from the Board) was relevant to the overall effort to challenge the Board's grant-for-study practice. This general background work is fairly compensable even though the specific argument that Petitioners originally presented to this court (i.e., that the Board must issue final rulings on petitions for reconsideration within 60 days) was unsuccessful.

Thus, a 50 percent reduction in the fees that Petitioners have requested approximately but reasonably reflects the split in

17

effort Petitioners devoted to successful and unsuccessful arguments.

We also award Petitioners their out-of-pocket appellate costs, which they identify as $7,891.63.

## DISPOSITION

We grant the requests by Petitioners, the Board, and Amicus Curiae for judicial notice of items relating to the legislative and statutory history of the Board's reconsideration procedure and to the Board's records.  We issue a peremptory writ of mandate commanding the Workers' Compensation Appeals Board to end its practice of granting petitions for reconsideration solely for purposes of further study, and to comply with section 5908.5 when granting petitions for reconsideration, including the requirement that the Board "state the evidence relied upon and specify in detail the reasons for its decision."  We award petitioners $110,777.25 in attorney fees and $7,891.63 in costs.

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.

18